1809.

KELLY
v.
FOSTER.

substantially preserved, and the judgment supported. The forms of law do not make it a game of tric trac, a system of catches, nor is subtilty and discrimination useful, but to enable to reach the truth, and get at the justice of the case with certainty, and with despatch. A rule of law pushed to an extreme does not correspond with the intention of it; and applied to a case where the reason of it does not exist, works injustice, and a dissatisfaction with the administration of justice, under the technical form of systematic science. I am inclined in this case to affirm the judgment.

Judgment affirmed.

Sunbury,
Saturday,
July 8.

## Lessee of JAMES *against* BETZ.

IN ERROR.

A patent is prima facie evidence of title, and of survey.

Binney
2b    12
136   552,

ERROR to the Common Pleas of *Northumberland* county.

Upon the trial of this cause, the plaintiff having given in evidence a patent from the land office, and also a diagram to illustrate the recital of courses and distances in the patent, offered a witness to prove that the diagram was accurate, and corresponded as well with the patent as with the lines on the ground. But it was objected that the *return of survey* under the seal of office, being the best evidence, ought to have been produced, and the lines on the ground shewn to correspond with the official survey returned into office. The Court accordingly sustained the objection, on the general principle, that the best evidence ought to be produced.

The plaintiff then offered a witness to prove that the lines on the ground corresponded with the courses and distances recited in the patent, and that the defendant lived within those lines. But the Court refused to admit the possession of the defendant to be thus proved, because the official return of survey was the best evidence, and might be had; because the recital in the patent was only a copy of that return, and an imperfect copy, as it did not contain the diagram; and because the official copy was the only evidence to prove the survey made by an authorized deputy surveyor. The plaintiff of course took a bill of exceptions.

*Hall,* for the plaintiff in error, argued that the patent was the best evidence of the survey, and in that light had been uniformly admitted, being an acceptance and confirmation of the survey by the owner of the soil; that the want of a diagram in the patent was of no importance, because in fact a diagram or draft could be, and could only be, made out from the written courses and distances in the patent; and that, instead of the official copy of the survey being the only evidence to prove the survey made by an authorized surveyor, the patent was not only *prima facie* evidence of that fact, but also that such deputy surveyor had acted therein lawfully and properly.

*D. Smith,* for the defendant in error, was proceeding to argue, that the patent was not the best evidence of the survey, when the Court intimated to him that it had been considered as *settled,* that a patent was *prima facie* evidence of title and of survey. He therefore relinquished the argument, and

*Per Curiam* unanimously,

  Judgment reversed, and *venire de novo* awarded.

<div style="margin-right:0">
1809.

Lessee
of
JAMES
*v.*
BETZ.
</div>

---

FRENCH and another *against* M'ILHENNY.

<div>
*Sunbury,*
*Saturday,*
July 8.
</div>

THIS was an appeal from the decision of YEATES J. at a Circuit Court for *Dauphin,* in *November* 1805.

It was an action of covenant, in which judgment was entered by consent for the plaintiff, subject to the opinion of the Court upon a case which stated that "*Seth Rodgers,* being "seised in his demesne as of fee, of and in a certain tract of "land, situate in *West Hanover* township, *Dauphin* county, "made his last will and testament in writing, dated *October* "3, 1757, in *hæc verba;* and as for such worldly estate, "wherewith it has pleased God to bless me in this life, I

<div>
The testator,
" as for such
" worldly estate
" wherewith it
" had pleased
" God to bless
" him," bequeathed the
same in part as
follows: "To
" his wife, one
" half of his
"*plantation,*
" during *her*
" *natural life;*
" to his nephew
</div>

" Seth two thirds of his *plantation,* excepting what was above to his wife already willed: " also to his nephew Robert one third of his *plantation,* excepting what was above willed " to his wife." *Held* that the nephews took a *fee simple* in the plantation, subject to the life estate of the wife in a moiety.