WHITNEY W. SMITH
*v.*
JAMES PRICE.

1. TRESPASS *to realty — who may maintain.* A party, in the lawful posses-sion of land under a contract to purchase, may maintain trespass for injuries thereto, even against the owner of the legal title.

2. CONTRACT *to purchase land.* Where a party has made a contract for the purchase of land, and under that contract has gone into possession, the premises are in fact his property, subject only to the lien of the vendor for the unpaid balance of the purchase money.

WRIT OF ERROR to the Circuit Court of Marion county; the Hon. SILAS L. BRYAN, Judge, presiding.

This was an action of trespass brought by Smith against Price in the Circuit Court of Marion county, at the March Term, 1866. The premises on which the alleged trespasses were com-mitted had been sold by Price to Smith, as appears by a bond for a deed dated 23d May, 1864. This bond recites that $2,000 of the purchase price was paid in hand; the remaining $1,500 was payable in twelve months. Smith went into possession at the time of the purchase. In the spring of 1865 Price removed from the place trees and shrubbery, variously estimated at from

$250 to $1,000 in value, Smith all the time claiming the property and telling Price that if he took it he would have to pay for it. The jury rendered a verdict for the defendant. A motion for a new trial was overruled, and that decision is now assigned for error.

Messrs. WILLARD & GOODNOW, for the plaintiff in error.

Mr. W. STOKER, for the defendant in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action of trespass brought by Smith against Price, to recover damages for young trees and ornamental shrubs removed by the defendant from the plaintiff's premises. The parties went to trial under issues formed upon a plea of not guilty and a special plea of license. The jury found for the defendant, and a motion for a new trial was made and overruled. This motion should have been allowed. The verdict was palpably against the evidence and the instructions of the court. As to the trees removed in the autumn of 1864, the jury might have found a license, or have presumed one from the evidence, but there is no testimony whatever, to sustain a presumption of license as to the trespasses committed in the spring of 1865. The evidence is positive and uncontradicted, that the plaintiff, at that time, absolutely forbade the defendant to remove the shrubbery, and told him he would have to pay for it. If a license were presumed from what occurred in the fall, this was a revocation of it.

The plaintiff had bought the land from the defendant and had been let into possession under his purchase and contract, but he had not obtained his deed. The contract was in evidence, from which it appears that the first payment on the land had been made at the date of the contract, and the second was not due when the trespasses were committed. The plaintiff's possession was lawful in its inception, and he had done nothing by which his rights were impaired. The defendant had no right of entry, and his entry was a trespass, and he is liable for

all injuries done to the premises, which were in fact the property of the plaintiff, subject to the lien of the defendant for the unpaid balance of the purchase money. *Prentice* v. *Wilson*, 14 Ill. 93. The position of counsel for the defendant in error, that the defendant, having the legal title, cannot be called upon to respond in damages for injuries to the freehold, is not maintainable in cases of this character.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*