## LETITIA S. BALDWIN *et al.*

*v.*

## ALEXANDER POOL.

1.  PURCHASER IN POSSESSION — *of his rights.* Where land is sold and *in possession under* a contract to convey upon the payment of the purchase money, executed, and the purchaser let into possession, the purchaser is in equity the owner, subject only to the lien of the seller for the unpaid purchase money, and has a right to the free use and enjoyment of the rents, issues and profits, so long as he is not in default under the contract.

2.  A vendor of land having let a purchaser into possession under a contract to convey, cannot interfere with one having a privilege from such purchaser in the enjoyment thereof, where there is no default under the contract of purchase, and no lessening of the security for the purchase money occasioned thereby.

APPEAL from the Circuit Court of Peoria county; the Hon. JOSEPH W. COCHRANE, Judge, presiding.

Messrs. H. M. & S. D. WEAD, for the appellants.

Messrs. STARR & CONGER, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill in chancery, filed by Letitia S. Baldwin and Thomas Baldwin, her husband, in the circuit court of Peoria

13—74TH ILL.

county, against Alexander F. Pool to enjoin him from digging a raceway and building a dam on land claimed to be owned by complainants.

The defendant, Pool, answered the bill, and exceptions were filed to the answer ; the court overruled the exceptions, and complainants filed their replication.

The defendant filed a cross-bill, to which complainants demurred, which the court overruled; complainants thereupon answered the cross-bill, to which a replication was filed.

Proofs having been taken before the master, the court, upon hearing the cause, entered a decree dissolving the injunction and dismissing the bill. The complainants bring the record here by appeal.

It appears from the record that on the 1st day of March, 1873, the appellant Letitia S. Baldwin, being the owner of a certain tract of land, containing two hundred acres, sold the same to Mahala Thurston for $7,000. Two thousand dollars of the purchase money was paid down, and promissory notes were given for the deferred payments, payable in installments. A bond for a deed was executed and delivered to Mahala Thurston, providing that, upon the payment of the balance of the purchase money at certain specified times, the appellants would convey the premises by general warranty deed of conveyance. Mahala Thurston, upon receiving the bond for a conveyance of the land, was let into possession under the purchase, and while she was in possession and in no respect in default under the contract, and on the 29th day of June, 1873, she conveyed, by an instrument in writing, to the defendant, Pool, the privilege or right to build a low dam across the creek on one corner of the land, to draw off the water in a mill-race to his mill ; at the same time Pool executed a contract not to flood the adjoining lands.

In the month of September, after this right was conveyed to Pool, Mahala Thurston sold her contract of purchase which she had obtained of complainants to one William Baldwin, and delivered over her contract to him and possession of the land, he

having notice of the purchase made by Pool; at the same time she delivered Baldwin the contract Pool had given her not to flood the adjoining lands.

Pool commenced work some time in June, 1873, on the land under the right granted him by Mahala Thurston, and prosecuted the work contemplated in the instrument of writing he had obtained until he was enjoined by a writ issued upon the filing of this bill.

The only question which we deem it necessary to consider is, whether the final decree dissolving the injunction and dismissing the bill was proper, under the evidence disclosed by the record before us.

It is neither claimed nor pretended by the complainants that Mahala Thurston, or Wm. Baldwin, her assignee of the contract of purchase, who assumed the payment of the balance of the purchase money, is insolvent, nor is there any claim that the balance of the purchase money will not be paid, and the land likely to fall back to complainants on account of default in payment.

Neither is it pretended that the acts done or to be done by the defendant, Pool, on the land will in the least cause an irreparable injury, or in any manner lessen or impair the security of complainants for the balance of the purchase money.

Complainants, as we understand their position, predicate the right to maintain their bill solely upon the ground that they are the owners of the property, and that the defendant has no right to go upon their property and construct a dam across the creek and make the mill-race in the bill described.

The main question, then, to be considered is, what were the rights of the complainants and Mahala Thurston in regard to the lands sold after the sale and while the purchaser was in possession under the contract? The complainants held the naked legal title, while the equity was in the purchaser.. She was, in equity, the owner, subject to the lien of complainants for the balance of the unpaid purchase money. She was not a mere tenant at will, as is insisted by appellants. The com-

plainants having sold Mahala Thurston the lands, and she having been let into possession under her contract of purchase, she had the right to the free use and enjoyment of all the rents, issues and profits thereof without hindrance from the complainants so long as she was not in default under the contract; had the complainants invaded the possession of the premises they would have been trespassers. In *Smith* v. *Price*, 42 Ill. 399, where land had been sold under a contract and the purchaser let into possession, and the vendor went upon the premises and removed young trees and ornamental shrubs, in an action of trespass by the purchaser this court said: " The defendant had no right of entry, and his entry was a trespass, and he is liable for all injuries done to the premises, which was in fact the property of the plaintiff, subject to the lien of the defendant for the unpaid purchase money." See, also, *Stow* v. *Russell*, 36 Ill. 23.

We are at a loss to perceive upon what principle complainants can object when no default in payment has occurred, and the security for the payment of the purchase money has in no manner been lessened or impaired.

Mahala Thurston being the equitable owner of the property, her interest was such that it could have been sold upon execution. She could mortgage it for the payment of her debts. She could sell or create a privilege or easement upon any part of the premises which would be valid and binding, but liable to be defeated should there be a failure to pay the balance of the purchase money according to the terms and conditions of the contract of purchase. *Baker* v. *Bishop Hill Colony*, 45 Ill. 264; *Lombard* v. *The Chicago Sinai Congregation*, 64 Ill. 477.

The contract, therefore, which the defendant obtained of Mahala Thurston under the facts and circumstances of this case we regard as a sufficient justification as against the acts charged in the complainants' bill; its validity in the future will, however, depend upon whether there shall be a faithful compliance with the terms and conditions of the contract of sale

on the part of the purchaser, Mahala Thurston, and her assignee.

The decree of the circuit court will be affirmed.

*Decree affirmed.*