## SMITH et al. v. PHENIX INSURANCE COMPANY.[*]

### No. 13,514; March 10, 1890.

#### 23 Pac. 383.

**Insurance—Change of Title.—To Put a Lessee** in possession of insured property under a contract that he shall buy the property on the termination of the lease, or, at his option, at any time during its continuance, is a breach of a condition of the policy that it shall become void if any change takes place in the title or possession.

**Insurance—Change of Title—Lease.—Notice** to the insurance company, before destruction of the property by fire, of the lease and change of possession, but not of the agreement to convey contained in the lease, cannot affect the company's right to afterward insist on the enforcement of such stipulation.

Paterson, J., dissenting.

APPEAL from Superior Court, Los Angeles County; Walter Van Dyke, Judge.

Van Ness & Roche for appellant; Barclay, Wilson & Carpenter for respondents.

[*]For subsequent opinion in bank, see 91 Cal. 323, 25 Am. St. Rep. 591, 27 Pac. 738.

WORKS, J.—This was an action on a policy of fire insurance. Trial by the court, and finding and judgment for the plaintiffs. The defendant appeals from the judgment, and the case comes up on the judgment-roll. The policy sued on contained the following clause: "If the interest of the assured in the property be other than an absolute fee simple title, or if any other person or persons have any interest whatever in the property described, whether it be real estate or personal property, or if the building insured or containing the property insured by this policy stands on leased ground, or if there be a mortgage or other encumbrance thereon, it must be so represented to the company, and so expressed in the written part of this policy; otherwise the policy shall be void. When the property shall be sold or encumbered or otherwise disposed of, written notices shall be given to the company of such sale or encumbrance or disposal, and its assent thereto indorsed thereon; otherwise this insurance on said property shall immediately terminate. . . . . If the property be sold or transferred (in whole or in part) or upon the commencement of foreclosure proceedings against or a sale under a deed of trust, or the existence of a judgment lien upon, or the issue or levy of an execution against, any kind of property herein described, or if the property be assigned under any bankrupt or insolvent law, or any change takes place in the title or possession (except in case of succession by reason of the death of the assured), whether by legal process or judicial decree, or voluntary transfer, assignment, or conveyance, or if the title or possession shall be changed from any cause whatsoever, . . . . then there shall be no liability whatever under this policy for any loss or damage resulting from fire or fires, whether such loss or damage be immediate or remote." Subsequent to the issuance of the policy, the assured leased the property to one Jerome D. Stewart for the term of five years, and the lease also contained an agreement between the respondent and said Stewart for the sale of said property, as follows: "It is further agreed that said party of the second part may, at any time during the said term of five years, purchase said hotel, lots, and premises for the sum of $25,000 cash, and likewise purchase said carpets, gas fixtures, and range at cost price. It is further agreed that said party of the second part will purchase

said hotel, lots, and premises on or before five years from this date for the sum of $25,000, together with the said carpets, gas fixtures, and range at their cost price." It was further agreed that the said Stewart should pay one-half of the insurance on the property. Stewart took possession under this lease.

It will be observed that the policy is rendered void if at the time of the issuance thereof any other person or persons have any interest whatever in the property. So if, "after the policy takes effect, the property be sold or transferred, . . . . or any change takes place in the title or possession, . . . . or the title or possession shall be changed from any cause whatsoever." The sole question in the case is whether the contract above mentioned, and the change of possession thereunder, was within these prohibitions, and worked a forfeiture of the policy. These forfeiture clauses in the policy should be strictly construed, and, where the prohibition is against a sale or alienation or conveyance of the property, an agreement to sell is not within its terms: Hitchcock v. Insurance Co., 26 N. Y. 68; Jackson v. Insurance Co., 23 Pick. (Mass.) 418, 34 Am. Dec. 69; Gingrich v. Foltz, 19 Pa. 38, 57 Am. Dec. 631; Masters v. Insurance Co., 11 Barb. (N. Y.) 624; Orrell v. Insurance Co., 13 Gray (Mass.), 431; Trumbull v. Insurance Co., 12 Ohio, 305; Hill v. Protection Co., 59 Pa. 474; Insurance Co. v. Kelly, 32 Md. 421, 3 Am. Rep. 149. And it has been held that, so long as the assured retains an insurable interest in the property, he is entitled to recover to the extent of such interest: Stetson v. Insurance Co., 4 Mass. 330, 3 Am. Dec. 217; 3 Kent's Commentaries, 262; Trumbull v. Insurance Co., supra.

But the question before us is not whether there had been a sale, alienation, or conveyance of the property, or whether the assured had an insurable interest at the time of the loss, but whether "any change" had taken place in the title or possession. About this it seems to us that there can be no doubt. The agreement between the parties gave the vendee the option to buy at any time during the five years for which his lease ran, and absolutely bound him to buy and pay the purchase money at the end of that time. This gave him an equitable title in the land: De Rutte v. Muldrow, 16 Cal. 505–512; Hall v. Center, 40 Cal. 63; Dowd v. Clarke, 54 Cal.

48; Pelton v. Insurance Co., 77 N. Y. 605; Davidson v. Insurance Co., 71 Iowa, 532, 60 Am. Rep. 818, 32 N. W. 514; Germond v. Insurance Co., 2 Hun (N. Y.), 540; Ramsey v. Insurance Co., 2 Fed. 429; 2 Amer. Law Reg., N. S., 438; Moore v. Burrows, 34 Barb. (N. Y.) 173.

If an attempt had been made to recover the possession of the property during the term for any violation of the terms of the lease, he could have defeated such recovery by exercising his option to buy. He was entitled, under his agreement, to continue in the possession of the property either before or at the end of his tenancy by paying the purchase money, and upon such payment he would have been entitled to a conveyance. Having bound himself absolutely and unconditionally to purchase and pay for the property at the end of his tenancy, he would have been bound to purchase and make such payment, notwithstanding the destruction of the building by fire: Davidson v. Insurance Co., supra; McKechnie v. Sterling, 48 Barb. (N. Y.) 330. His only right would have been to look to the respondent for the insurance if it had been paid. It has been held that in such cases the insurance recovered belongs, in equity, to the vendee, and that the vendor holds it in trust for him: Reed v. Lukens, 44 Pa. 200, 84 Am. Dec. 425. Therefore, there was not only a change in the title, but a very important and material one. which took away from the respondent, in a great measure, the incentive everyone has to preserve his property and prevent its loss by fire. In some of the cases it is held that such a contract constitutes a sale of the property, where, as in this case; nothing is to be done on the part of the vendor but to execute the deed: Davidson v. Insurance Co., supra. In this case the court said: ''The precise language of that portion of the policy which is alleged to have been violated is in these words: 'In case any such property shall be sold. conveyed, or encumbered . . . . without the written consent of this company is obtained, . . . . this policy shall immediately thereafter be null and void.' It is manifest from the above that the policy contemplated that there might be a sale without a conveyance. The provision is the same as if the word 'or' had been expressed between the words 'sold' and 'conveyed,' and as if the policy read: 'In case any such property shall be sold or conveyed,' etc. In either case the policy

would be void. We come, then, to the question as to whether, where one party binds himself unconditionally to pay a certain price for a piece of real estate, and takes possession under the contract, and the other party binds himself to convey the real estate upon the payments being made, and nothing remains to be done but for the party taking possession to make the payments, and for the other to make the deed, such contract constitutes a sale of the real estate, within the meaning of the policy. In answer to this question we have to say that we think it does. Lint was the real owner of the house that was burned. The loss was his loss. The plaintiff lost nothing, unless he needed the house for security. If Lint is responsible, or the property without the house is sufficient security for the balance of the purchase money, the plaintiff's claim can be collected, and he will have all that he would have had if the house had not been burned. If he is allowed to collect the insurance and the purchase money both, he will profit by the destruction of the property. That the insured shall not by his own voluntary act come to have an interest in the destruction of the insured property is forbidden, not only by public policy, but by all the maxims of insurance, and is precisely what this defendant attempted to guard against.''

It is uniformly held that a vendee in possession under an agreement to purchase real estate is in equity the owner of the property, subject to the payment of the purchase money; and the vendor a trustee, with the right to hold the legal title until payment thereof, and then to convey to the vendee: Baldwin v. Pool, 74 Ill. 97; Roberts v. Wilkinson, 34 Mich. 138; Derr v. Dellinger, 75 N. C. 300; King v. Ruckman, 21 N. J. Eq. 599; Holbrook v. Betton, 5 Fla. 99. And such an interest will be regarded as an absolute interest, where the assured has represented his interest to be such: Hough v. Insurance Co., 29 Conn. 10, 76 Am. Dec. 581; Millville Mut. Fire Ins. Co. v. Wilgus, 88 Pa. 107; East Texas Fire Ins. Co. v. Dyches, 56 Tex. 565; Franklin Fire Ins. Co. v. Crockett, 7 Lea (Tenn.), 725. The respondent could not have conveyed the property to another, even if the agreement could be construed as one not, in terms, binding him to convey. If the contract left the purchase at the option of Stewart, the respondent could not convey away the property

until the time for exercising such option had expired: Kerr v. Day, 14 Pa. 112, 53 Am. Dec. 526. In this case the purchase was not left to the option of the vendee. He had the option to buy at any time before the expiration of the term, but was bound absolutely to purchase at the end of his term. We think it is clear, therefore, that there was such a change of title here as to avoid the policy. The fact that the agreement to convey was coupled with a lease of the property, under which alone the vendee might have taken possession, does not seem to us to be at all material. The equitable title passed, and he was as much in possession under the agreement to convey as under the lease. The court found that the appellant had notice before the loss that Stewart was in possession of the property under the lease, but that it had no knowledge of the fact that the agreement to convey was contained in such lease. We do not think that such notice to the company could affect its right to insist upon the enforcement of the express provisions of its contract, or constituted a waiver of such right. Judgment reversed, with instructions to the court below to render judgment on the findings in favor of the defendant.

We concur: Beatty, C. J.; Fox, J.; Sharpstein, J.

I dissent: Paterson, J.

THORNTON, J.—I concur in the judgment, on the ground that there was a change of possession by the lessee's (Stewart's) taking possession under the lease, and when this change took place all liability under the policy sued on was, by its terms, at an end.