Lotz, C. J.
The appellant sued the appellee on a fire insurance policy. The court below sustained a demurrer *234 for want of facts,to each paragraph of her complaint. These rulings are the errors assigned in this court.
The facts as alleged in the first paragraph are, in substance, that on the 9th day of January, 1893, the defendant (appellee), for value, executed its policy of insurance whereby it agreed to indemnify one F. B. Rooker against loss or damages by fire to an amount not to exceed the actual cash value of the property described in the policy, and in no event to exceed $600 on said Rooker’s one and one-half story frame dwelling occupied by the assured, and $200 on his frame barn, situate on certain described real estate in Hamilton county, Indiana; that on the first day of March, 1893, Rooker sold to the plaintiff the premises and property described in said policy; that at the time of said sale the defendant was notified that plaintiff had purchased the property and gave its consent thereto; that at the time such notice was given, the defendant had the policy in its possession; that on the 29th day of March, 1893, the dwelling house, while still occupied by Rooker, was totally destroyed by fire originating from causes unknown; that the actual cash value of said house immediately preceding its destruction was $1,200; that within six days after such loss said defendant was orally notified thereof by plaintiff; that upon such notice being given, defendant immediately repudiated its previous consent given to said transfer, and gave as its reason therefor that said consent was not expressed in writing, and declined to treat further with plaintiff concerning said loss; that the plaintiff has performed and offered to perform all and singular the duties and obligations imposed upon said Rooker and upon the plaintiff under the terms and conditions of said policy; that the defendant wrongfully declines and has refused to adjust or pay such loss.
The second paragraph differs from the first, in that it *235 is averred, that on the 18th day of April, 1893, the defendant confirmed its consent to the transfer of said property as previously given in parol by a memorandum in writing indorsed upon the policy. This written memorandum is in these words: “The Phenix Insurance Company hereby consents that the interest of F. .B. Rooker in the within policy be assigned to Jane Moffitt, subject, nevertheless, to all the conditions contained therein. April 18, 1893. Signed in behalf of the company: W. A. Wainwright, agent.” A copy of the policy is made an exhibit to each paragraph.
The policy, among other things, contains the following provisions:
“If the property be sold or transferred * * * or any change takes place in the title or possession * * or if this policy shall be assigned before a loss, without the consent of the company indorsed hereon, this policy shall * * * be void.
“* * * When the property insured shall be sold or encumbered, or otherwise disposed of, written notice shall he given to the company of such sale or encumbrance or disposal, and its assent thereto indorsed hereon, otherwise this insurance on said property shall immediately terminate. * * *
“It is understood and agreed that agents of this company have no authority in any manner or by act or omission whatsoever, either before or after making this contract, to waive, alter, modify, strike from this policy or otherwise change any of its conditions or restrictions except by distinct specific agreement clearly expressed and indorsed hereupon, and signed by the agent making it. Nor shall silence upon receipt of notice of breach of any condition or restriction herein, or failure to declare this policy forfeited thereby, or the issuance of any renewal or new policy, or the acceptance of any premium *236 or other money, or any other act or omission whatsoever by any agent of this company, whether with or without knowledge of such breach, or whether before or after making this contract, work any waiver of such conditions or restrictions, or effect any estoppel against this company or deprive it of any forfeiture or defense, either in law or in equity, to an action upon this policy.”
It also appears from the.policy, that it was to continue for the period of five years from the 9th day of January, 1893, and that the premium paid was the sum of $12.
It is also provided that “This insurance may be terminated at any time at the request of the assured,'in which case the company shall retain only the customary short rates for the time the policy has been in force. The insurance may also be terminated at any time at the option of the company, on giving notice to that effect, and refunding a ratable proportion of the premium for the unexpired term of the policy.”
A contract of fire insurance is a contract of indemnity. It is an engagement to make good loss that may be sustained. Unless the assured has a pecuniary interest in the property or thing, there is nothing upon which the principles of indemnity can operate. The subject of the indemnity is not the particular article or building named in the contract (although generally so called), but the interest the assured has in the property or thing. It is therefore necessary that the party insured should have an interest in the property at the time the policy is written and at the time of its loss. As it is not possible to insure a thing against destruction, insurance means to indemnify the owner of the thing from loss or damage. A contract of insurance is pérsonal as to the assured. It is not such an incident to property as will pass to an alienee or vendee. The character of the assured is an important element in the contract, and one person can *237 not be substituted for another without the consent of the insurer. These various propositions are so well established as to need no citation of authorities to support them. The appellant concedes their correctness, but contends that when the appellee received notice of the transfer of the property, and consented, thereto, retaining the unearned premium, it was in legal effect an assignment of the policy or the creation of a new contract between her and the appellee by parol; that the conditions in the policy, to the effect that written notice of the sale or transfer of the property must be given, or if the policy be assigned before loss, without the consent of the company indorsed thereon, shall terminate, or render void the policy, are conditions that may be waived.
It is well settled that a contract of insurance may be made in parol. Commercial, etc., Assurance Co. v. State, ex rel., 113 Ind. 331 (338).
If the contract may itself be created in parol we know of no valid reason why it may not be assigned in parol. It is true that the parties may stipulate how the assignment shall be made, and ordinarily the mode prescribed should be followed, but such conditions are conditions for the benefit of the insurer, and may by him be waived. The assignment of the policy to the purchaser of the property is the creation of a new contract.
In Continental Ins. Co. v. Munns, 120 Ind. 30 (34), the court by Mitchell, J., said: “An assignment of an insurance policy without a transfer of the property insured, would be an idle ceremony so far as transferring * any beneficial interest in the contract. On the other Rand, the transfer of the property insured suspends the operation of the policy, which becomes inoperative for want of a subject-matter to act upon, until by the assignment and assent of the company a new contract of insurance, embodying the same terms and conditions as *238 the old, arises between the latter and the purchaser. The contract of insurance thus consummated arises directly between the purchaser and the insurance company, to all intents and purposes the same as if a new policy had been issued embracing the terms of the old.”
This court, in New v. German Ins. Co., etc., 5 Ind. App. 83, in speaking of the consent of the insurer to the assignment of the policy, said: “Such consent is equivalent to the creation of a new contract between the assignee and the insurer, according to the terms of the-policy assigned. It is not strictly an assignment but the making of a new contract. ’ ’
It follows from this that when the appellant notified the appellee of the transfer of the property a new contract of insurance was in contemplation, and the terms and conditions of the old contract was to be the basis of the new. Had they pursued the course provided in the policy, it would have been necessary to give notice in writing to the appellee of the contemplated transfer, and for the appellee to have indorsed its consent to the transfer upon the policy. The assignment or new contract would then have been completed. Surely the company could waive the notice in writing. It is averred that it gave its consent to the transfer, and that it then had the policy in its possession. The indorsement of the consent on the policy was an act to be done by it and not by the appellant. But a still stronger consideration for holding that the appellee waived these requirements is,that at the time of the transfer but a small amount of the premium had been earned. The policy had nearly five years yet to run. Had the appellee refused to give its consent to the transfer, then the assured named in the policy would have had the right to cancel it at short rates and the unearned premium returned. The company also had the right to cancel the *239 policy at any time at its option upon the same terms. It did not avail itself of this, nor did it give.the assured an opportunity to do so. By its acts it misled the assured and his assignee to their injury and to its own gain. Had it refused its assent, the appellant would then have had an opportunity to obtain insurance elsewhere.
In assigning a policy, any method of assent by which the insurer leads the assured to consider sufficient is all that is required. Shearman v. Niagara, etc., Ins. Co., 2 Sweeny (N. Y.) 470; Fogg v. Middlesex, etc., Ins. Co., 10 Cush. 337.
It has also been held that the insurer may indorse his assent after the sale, though a clause provides that in the case of a transfer of the property without the company’s consent the policy should be void. Gilliat v. Pawtucket, etc., Ins. Co., 8 R. I. 282.
The case of Phenix Ins. Co. v. Hart, (Ill.) 36 N. E. Rep. 990, is a well considered case bearing upon some of the questions here involved. There a policy upon a farm building declared that any change in the title or interest of the assured in the property without the consent of the company indorsed thereon would render the policy void. The insured mortgaged a part of the farm, but not the part on which the house stood, and asked the company’s local agent whether it was necessary to have the company’s consent indorsed on the policy. It was held that the agent’s reply that it was not necessary was a waiver by the company of the condition. Citing in support thereof, May on Insurance, section 143; Illinois Fire Ins. Co. v. Stanton, 57 Ill. 354; Williamsburg, etc., Ins. Co. v. Cary, 83 Ill. 453.
It is also held in the same case that a stipulation in the policy that the conditions of the policy can be waived only by the general agent in writing does not render an *240 oral waiver by a local agent inoperative, since such stipulation may itself be waived.
As opposed to the rules announced in the Illinois cases above cited the appellee cites and relies upon Langdon v. Minn, etc., Ins. Assn., 22 Minn. 193. We think, however, that the rules announced by the Illinois court the more equitable, The appellee also cites a number of cases which hold that mere notice or knowledge on the part of the company of a change in interest or the breach of the conditions does not operate as a waiver of the conditions. Lahiff v. Ashuelot Ins. Co., 60 N. H. 75; McNierney v. Agricultural Ins. Co., 48 Hun, 239; Smith v. Phenix Ins. Co., 23 Pac. Rep. 383.
The averments in the case at bar go much farther than notice or knowledge of the transfer. Consent to the transfer on the part of the appellee is averred.
The averments with reference to notice and consent to the transfer are indefinite.' The remedy under such circumstances is by motion to make more specific. *
The averments sufficiently show that Rooker had an interest in the property at the time the policy was executed, and that the appellant had an interest at the time of its destruction within the rules laid down in Phœnix Ins. Co. v. Benton, 87 Ind. 132. The general averments that the appellant and Rooker had performed all the conditions on their part is a sufficient pleading of the conditions precedent. Louisville, etc., v. Durland, 123 Ind. 544; Commercial, etc., Assurance Co. v. State, ex rel., supra.
Other objections made to the first and second paragraphs are the want of an averment that the transfer or assignment of the policy formed any part of the transfer of the title, or that appellee had any notice or knowledge of any agreement between Rooker and Moffitt to assign or transfer the insurance. A mere naked consent to the *241 transfer of the property could not operate either as a waiver of the conditions of the policy or as an estoppel. To be effective as an assignment or a new contract of insurance between the appellant and appellee, the consent must have been given with the knowledge that it was the purpose and agreement of Rooker and Moffit to transfer the insurance as well as the property. For want of such averments, these paragraphs must be held insufficient.
Filed Nov. 15, 1894.
The third paragraph alleges the issuing of the policy to Rooker, the destruction of the house and the subsequent assignment of the policy to the appellant. After the destruction of the house, the policy became a mere chose in action and might be assigned like any other chose in action. This paragraph was sufficient.
Judgment reversed at costs of appellee, with instructions to overrule the demurrer to the third paragraph of complaint, and for further proceedings in accordance with this opinion.