## Lewis H. Merritt *vs.* William H. Harris.

A. granted land to B on a condition subsequent; took back a mortgage of it to secure B.'s note given for the price; and then, by deed of assignment in the usual form, did "sell, assign, transfer, set over and convey" to C. "said mortgage deed, the real estate thereby conveyed, and the promissory note, debt and claim thereby secured." The original deed was referred to in the mortgage, and both were duly recorded before the assignment. *Held,* that only a mortgage title passed to C., subject to be defeated by breach of the condition of the original deed.

WRIT OF ENTRY, dated March 30, 1868, to foreclose a mortgage of land in Worcester. The material facts, appearing by the report of the trial, before *Ames,* J., as since amended by the presiding judge with the assent of the parties, were as follows:

In September 1855, the tenant, being seised of the demanded premises, and of a large adjacent tract of land, made a deed of the demanded premises to the Ladies' Collegiate Institute in fee simple; provided however, and upon the express condition, that the grantees should within five years erect and complete certain buildings thereon; with the usual covenants of seisin, against incumbrances, of good right to sell, and general warranty, "subject always to and upon the proviso and conditions as aforesaid."

Simultaneously with this deed and as part of the same transaction, and to secure the payment of part of the purchase money in instalments payable in one, two and three years respectively from the 1st of September 1855, the Ladies' Collegiate Institute executed a mortgage back to the tenant, describing the premises as ". being the same tract of land described in a deed given by the tenant to them as aforesaid " and to be recorded herewith," and also containing the usual covenants. Both the deed and the mortgage were duly acknowledged and immediately recorded.

On the 31st of August 1857, the tenant, for a valuable consideration, did "sell, assign, transfer, set over and convey" to the demandant "said mortgage deed, the real estate thereby conveyed, and the promissory note, debt and claim thereby secured, and the covenants therein contained," to have and to hold the

same to him, his heirs and assigns, "subject nevertheless to the conditions therein contained and to redemption according to law."

The condition of the deed from the tenant to the Ladies' Col legiate Institute not having been performed, the tenant, with the knowledge of the demandant, entered upon the premises, and has since remained in possession, claiming to hold them for a breach of that condition.

It was agreed that, if upon these facts the demandant was entitled to judgment, judgment should be rendered for him ac- cordingly; otherwise, the case to stand for trial.

*G. F. Hoar,* for the demandant.

*P. C. Bacon & T. L. Nelson,* for the tenant.

GRAY, J. The deed from the tenant to the Ladies' Collegiate Institute and the mortgage back from them to him, executed simultaneously and as parts of one transaction, must, as be- tween the parties to them, be construed together, and in such a manner as to give full effect to both. *Cloyes* v. *Sweetser*, 4 Cush. 403. *Pomeroy* v. *Latting*, 15 Gray, 435. Under them, the tenant had two distinct interests in the estate ; the one the right of entry upon any future breach of the condition in the deed; and the other the mortgage title as security for his debt. The deed being referred to in the mortgage, any one subse- quently acquiring the mortgage title took with notice of the pro· visions of the deed. *Pike* v. *Goodnow*, 12 Allen, 474.

The whole case therefore turns upon the construction of the assignment from the tenant to the demandant. And we are all of opinion that the intention of both parties to the assignment, as manifested by the terms in which it is expressed, was to con- vey the tenant's mortgage title only. The leading words " sell, assign, transfer, set over and convey," " said mortgage deed, the rea estate thereby conveyed, and the promissory note, debt and claim thereby secured," accord with the usual form of as- signing such a title, specifying separately the mortgagee's inter- ests in the deed itself, in real estate, and in personal property or choses in action, and passing the instrument of mortgage, the interest in land which has thereby vested in the mortgagee, and

the personal debt which that interest was created to secure, and nothing more. " The real estate thereby conveyed" was not an absolute title in fee, but a title in mortgage, and, in this case, a title subject to be defeated by the mortgagors' breach of the condition subsequent in the deed to them. The words of grant in the assignment cannot operate by way of covenant or estoppel beyond the description of the thing granted and assigned. *Blanchard* v. *Brooks,* 12 Pick. 66, 67. *Miller* v. *Ewing,* 6 Cush. 34. *Hoxie* v. *Finney,* 16 Gray, 332. *Van Rensselaer* v. *Kearney,* 11 How. 325, 326. The assignment contains no express covenants on the part of the assignor, against the acts either of himself or of others. The only covenants in it are covenants of the mortgagors with him; it does not enlarge those covenants, or make him an indorser or warrantor of their performance, or liable for their breach, even if his entry for breach of condition in his original deed could be held to be a breach of his mortgagors' covenants with him. The assignment of a mere mortgage title cannot have the effect of an absolute alienation in fee, to convey or extinguish the right of entry for breach of that condition. *Hancock* v. *Carlton,* 6 Gray, 39. *Richardson* v. *Cambridge,* 2 Allen, 118. *Rice* v. *Boston & Worcester Railroad Co.* 12 Allen, 141.

Assuming therefore, without deciding, that the further words in the assignment of the mortgage, " subject nevertheless to the conditions therein contained," would not of themselves include the conditions in the deed executed simultaneously with the mortgage and referred to in it as describing the land, the demandant shows nothing in the terms or legal effect of the assignment of the mortgage, to restrain or estop the tenant from enforcing his right of entry for breach of condition in that deed and, according to the terms of the report, the

*Case must stand for trial.*