EDMUND DURGIN *vs.* JOHN G. BUSFIELD.

When a mortgagee has an interest in the mortgaged premises other than his interest as mortgagee, an assignment of the mortgage in common form passes only his interest as mortgagee and not his entire interest.

CONTRACT for the use and occupation of a mill by the defendant as tenant at sufferance of the plaintiff from August 27, 1872, to November 25, 1872. The answer denied that the defendant was tenant at sufferance of the plaintiff, and alleged that he was tenant at will of one Bruce.

At the trial in the Superior Court, before *Brigham*, C. J., the title was shown to be as follows: July 15, 1865, Bruce mortgaged the mill by a power of sale mortgage to the Mercantile Savings Institution. July 29, 1865, Bruce conveyed the mill subject to this mortgage to one Holmes. November 1, 1870, Holmes con-

veyed the mill, with additional land, to one Wentworth, taking back a power of sale mortgage of the premises conveyed. This last mortgage of the mill and additional land was, July 6, 1871, assigned to one Rich, who, November 28, 1871, purchased the mill under the power of sale contained in the mortgage of the mill to the Mercantile Savings Bank. August 2, 1872, Rich assigned the mortgage of the mill and additional land to the plaintiff, by the words " do hereby sell, assign, transfer, set over and convey" " said mortgage deed, the real estate thereby conveyed, and the promissory note, debt and claim thereby secured, and the covenants therein contained." August 27, 1872, the plaintiff took possession under this mortgage.

The defendant contended that the assignment by Rich to the plaintiff passed no title to the mill, but the judge ruled otherwise, and the jury having returned a verdict for the plaintiff, the defendant alleged exceptions.

*N. C. Berry*, for the defendant.

*J. T. Joslin*, for the plaintiff.

COLT, J. The plaintiff claims that the defendant is liable for the use. and occupation of the mill described, as tenant at sufferance. Gen. Sts. c. 90, §§ 25, 26. He claims title under a mortgage given by Wentworth, describing a tract of twenty-one acres, of which the mill is only a part. The Wentworth mortgage was subject to a power of sale mortgage given by Bruce on the mill alone, and came by assignment from Rich to the plaintiff, who thereupon made entry on the twenty-one acres for the purpose of foreclosure. The defendant was in possession of the mill as tenant at will of Bruce, and retained possession after the entry until the date of the writ.

The defendant put in evidence the prior mortgage of the mill by Bruce and a sale under the power to Rich, while he was holder of the Wentworth mortgage, and claimed that the assignment of that mortgage by Rich, after the sale of the mill to him under the first mortgage, passed no title in the mill to the plaintiff.

The defendant's position is well taken. The assignment is in the usual form, and cannot be construed as conveying more than

the assignor's mortgage title. The words are, "sell, assign, transfer, set over and convey " " said mortgage deed, the real estate thereby conveyed, and the promissory note, debt and claim thereby secured." At the time of the assignment the title of Rich to the mill under the Wentworth mortgage had been defeated by the sale under the first mortgage. By that sale he became absolute owner of the mill free from any right of redemption, and held it no longer as mortgagee. The real estate conveyed by the assignment was not an absolute title in fee, but a title in mortgage, and did not therefore include the mill. When the assignor has an interest in the mortgaged premises distinct from his interest as mortgagee, an assignment in this form, without additional words, cannot be held to pass such distinct interest. *Merritt* v. *Harris,* 102 Mass. 326.

The plaintiff shows no title to the mill. The defence is not merely that a third person is shown to have a paramount title, but that the plaintiff himself shows no title. The rule that the tenant cannot contest the title of his lessor has no application, because the relation of landlord and tenant never existed between them. *Morse* v. *Goddard,* 13 Met. 177.

*Exceptions sustained.*