## JAMES N. BUFFUM *vs.* SAMUEL O. BREED.

Essex.   Nov. 6, 1874.— Jan. 30, 1875.   AMES & DEVENS, JJ., absent.

The owner of a mill leased it with the machinery in it for a term of ten years, and
gave the lessee the option of purchasing it within three years at a price named.
On the same day an agreement was executed by the parties, in which, among other
provisions, the lessee agreed not to use the mill and machinery for the manufac-
ture of shoe or packing boxes except for certain specified parties. The lessee,
within the three years, took an absolute conveyance of the property from the les-
sor, and subsequently engaged in the manufacture of shoe and packing boxes for
parties not excepted in the agreement. *Held,* that the restriction upon such
manufacture terminated with the lease.

BILL IN EQUITY praying for an account, and that the defend-
ant might be restrained from further breach of the following
agreement executed August 18, 1865, by the plaintiff, the de-
fendant and one William Bassett, Jr. :

" Whereas the said Buffum has leased for a term of ten years
to said Breed and Bassett his mill and wharf property, and other
estate, near the West Lynn Station of the Eastern Railroad in
said Lynn, and has sold to said Breed and Bassett the lumber on
hand, for which said Breed and Bassett have given to said Buf-
fum in part payment their note for $20,000, payable on demand,
it being the intention of said Buffum to leave that amount in the
said business, until such time as said Breed and Bassett may find
it convenient to pay the same, receiving in lieu of profits eight
per cent. per annum on the amount due on said note, said Buffum
further intending to retain in his own hands the business of manu-
facturing shoe and packing boxes, with the exceptions hereinafter
stated :

" Now, therefore, in accordance with the foregoing intentions,
the said Breed and Bassett agree with said Buffum, that they
will not use or suffer to be used the said mill and machinery for
the manufacture of shoe or packing boxes, excepting for the
Grover and Baker Sewing Machine Company, for S. D. and H.
W. Smith, for Nehemiah Berry & Sons and for H. B. Newhall,
and such other persons and firms, not doing business in Lynn, as
said Buffum does not now manufacture boxes for ; nor will they
except as aforesaid, manufacture boxes, or furnish lumber to oth-
ers for the manufacture of boxes ; and of the boxes which may

be manufactured by them, as aforesaid, they will keep in regular books a full and accurate account, to which said Buffum and his legal representatives shall at all reasonable times have free access, and they will duly account for and pay over to said Buffum semi-annually one full half part of all net profits received by them from the manufacture of boxes, as aforesaid.

"And the said Breed and Bassett further agree with said Buffum, that they will do no mill work, except such as may be required for their own business and for such business as may be done at the wharf on Summer Street in said Lynn, now or recently occupied by Allen and Edmunds, and at other wharves westerly of ward five in Lynn, nor will they at said mills do any planing at a less price or rate than shall be charged by said Buffum for like work.

"And they further agree that while said note remains unpaid, they will pay to said Buffum, in lieu of profits, the rate of two per cent. per annum, on the amount due on said note, the same to be in addition to interest thereon, and payable semi-annually.

"And the said Buffum agrees with said Breed and Bassett, that so long as they shall perform their agreements herein contained, and conform to the terms of the lease aforesaid, and shall be in good credit and standing, and keeping good their stock of lumber unincumbered, he will make no demand for the payment of the principal of the said notes, within three years from date, unless it shall be convenient for the said Breed and Bassett to pay the same within that time."

The bill alleged that on and before August 18, 1865, the plaintiff was the owner of a certain parcel of land situate on Commercial Street in Lynn, with a certain mill thereon standing, and in the mill machinery for sawing and planing boards, dressing lumber, and manufacturing boxes and doing other business of like character, and at the same time was the owner of certain other land, with a mill standing thereon, on Union Street in Lynn, and was there, also, at that time, and ever since has been, and now is, largely engaged in the business of sawing, planing, and in the dressing and manufacture of lumber, and especially in the manufacture of shoe boxes and packing boxes for various parties in Lynn and its vicinity; that on August 18, 1865, he leased the land on Commercial Street, with the mill and machinery and

other property therein, by written lease of that date to the defendant and one William Bassett, Jr., then copartners under the style of Breed & Bassett, the lease being for the term of ten years from its date, and containing an agreement on the part of the plaintiff that the lessees therein named, or their legal representatives, might purchase the leased property, within three years from August 18, 1865, for the sum of $17,000 ; that in consideration of the lease and the covenants and conditions therein contained, the said Breed & Bassett executed the aforesaid agreement; that on or about July 28, 1868, the firm of Breed & Bassett was dissolved, and Bassett sold and assigned his interest in the business previously conducted by the firm and in the aforesaid lease and agreement to the defendant, and that at the same time the plaintiff, in accordance with the covenants of the lease and the assignment from Bassett to the defendant, conveyed to the defendant the said land and mill, and the machinery therein and other property described in the lease, and that since the last named date the defendant has been the owner and occupant of the land and mill, and from that time to the date of the filing this bill has been carrying on business at the mill ; and that contrary to the aforesaid agreement has been largely engaged in the manufacture of shoe boxes and packing boxes for sundry persons and firms in Lynn and vicinity, not included in the exceptions in said agreement contained, using in the manufacture the mill and machinery ; that he has solicited and obtained in the business the patronage of the customers of the plaintiff, and in all ways has actively and persistently entered into competition with the plaintiff ; and that he has done large amounts of mill work for various parties in violation of the agreement, and has done planing for sundry parties for a less price than that fixed and charged by the plaintiff for like work ; and has thereby prevented the plaintiff from receiving large gains and profits from his business, and has otherwise greatly injured him, and that the defendant has refused and still refuses to the plaintiff access to the books, containing the account of boxes manufactured by him, or to account for and pay over to the plaintiff any portion of the profits derived from the manufacture.

The defendant demurred to the bill, assigning the following among other causes of demurrer :

1. That the covenants and agreements of the defendant, as set forth in the said agreement, only related and referred to the time included in the term of the lease, and were wholly terminated and concluded upon the conveyance of the estate, as set forth in said bill.

2. That it is not alleged in the bill that the defendant has done any of the acts complained of, except at a time subsequent to the termination of said lease.

3. That the agreement, by its terms, as well as by legal and necessary conclusion, has no reference to any time after the end of the term.

4. That the covenants of the defendant are not perpetual.

The case was reserved by *Colt*, J., upon the bill and demurrer, for the consideration of the full court.

*S. B. Ives, Jr. & R. C. Lincoln*, for the defendant.

*J. W. Perry & L. S. Tuckerman*, for the plaintiff.

ENDICOTT, J. The question for decision is, whether the provision of the indenture, restraining the defendant from manufacturing shoe and packing boxes upon the premises for certain parties, terminated with the lease, or continued in force after the conveyance.

By the terms of the lease, if the lessee exercised his option to purchase, and a conveyance was made, the lease terminated within three years ; if he did not, it expired by its own limitation in ten years. It was terminated in one manner contemplated. The option was exercised, and the plaintiff conveyed the premises to the defendant.

Upon a careful examination of the indenture, it is apparent that all its provisions relate to the leasehold property, the lumber to be used in connection therewith, and the business to be there carried on. It was made at the same time, in connection with and in reference to the lease, and in view of the fact, that the only legal relations existing between the parties were those of lessor and lessee.

The two papers must therefore be taken as parts of one transaction, executed at the same time, in the same capacity, and as intended to perfect and complete the original agreement made between the parties. *Merritt* v. *Harris*, 102 Mass. 326. *Cromwel's Case*, 2 Rep. 69 *a. Hamilton* v. *Elliott*, 5 S. & R. 375. They

are to be construed together in determining what was the mean-ing and intention of the parties, in regard to the duration of the partial restraint of trade, upon which the indenture is silent.

The fair interpretation of the agreement on this point, as gath-ered from both papers, is, that when the relation of lessor and lessee should cease to exist, the restriction should no longer be in force. The restriction would clearly be terminated when the pe-riod of ten years expired; it is equally clear that it terminated when the other provision for the termination of the lease was executed by the conveyance of the premises. In the absence of express words, taken in connection with the fact that no mention of it was made in the deed of conveyance, it is not to be inferred that the restriction was intended to survive the lease and all the other provisions of the indenture.

The demurrer is therefore sustained, and the

<em>Bill dismissed, with costs.</em>