BARNSTABLE SAVINGS BANK *vs.* ARTEMAS BARRETT.

Suffolk.    Nov. 23, 1876. — March 2, 1877.    AMES & ENDICOTT, JJ.,
                        absent.

When a mortgagee derives an independent title to the mortgaged premises by an
assignment to himself of a subsequent mortgage thereon, a discharge of the orig-
inal mortgage, written upon it, whereby he " releases and forever quitclaims " all
his " right, title and interest in and to the within described premises " passes only
his interest in that mortgage and not his entire interest.

WRIT OF ENTRY to recover two parcels of land in Boston.
Plea, *nul disseisin*. The case was submitted to the Superior
Court, and after judgment for the tenant, to this court, on ap-
peal, on an agreed statement of facts, the substance of which
appears in the opinion.

*J. M. Day*, for the demandant.

*W. A. Herrick*, for the tenant.

COLT, J.    The demandant claims under Gerrish, who mort-
gaged the land in question, with other land, in one description,
to George M. Gibson.    On May 4, 1872, Gibson executed the
following discharge under seal upon his mortgage : " Having
received full payment and satisfaction of the within mortgage,
I do hereby cancel and discharge the same, and release and for-
ever quitclaim unto the within named George W. Gerrish, his
heirs and assigns, all my right, title and interest in and to the
within described premises.    To have and to hold the same to
said Gerrish, his heirs and assigns to his and their use and be-
hoof forever."

Before this, by instrument duly recorded, the demanded
premises had been released from the mortgage by Gibson's re-
lease to Gerrish, and had been conveyed by the latter to a third
party, who had mortgaged the same back in two lots to Gerrish.
These last named mortgages were on the same day assigned to
Gibson, who on March 5, 1872, assigned the same to Dennis F.
Flagg, under whom the tenant claims title.    But Gibson's as-
signments to Flagg were not seasonably recorded in the proper
registry of deeds, so that on May 4, 1872, when the above re-
cited discharge was given, Gibson was apparently the holder of
the last mortgage on the land in controversy.    The question is

whether the demandant, who holds under a subsequent mortgage from Gerrish, has the better title; and that depends upon the construction which must be given to the release of May 4. The tenant contends that it cannot be held to operate beyond the interest which the mortgagee, Gibson, then had in the mortgaged premises, by virtue of the original mortgage. His position is well taken.

The demanded premises had been released from that mortgage several months before, and conveyed to other parties, from whom Gibson had obtained an independent title as mortgagee, which was then held by Flagg by an unrecorded assignment from him. The records showed that Gibson's apparent title to this land was derived from an independent source. The instrument must be construed according to the intention as manifested by the whole instrument. It is indorsed on a mortgage, and the natural import of the words is satisfied by confining its effect to the discharge of the mortgage on which it is written, and to a release of the title which the mortgagee at that time had, by virtue of the mortgage thus discharged.

It is held, that when a mortgagee has an interest in the mortgaged premises, other than his interest as mortgagee, an assignment of the mortgage in common form, where the words used are " do assign, transfer, set over and convey," " said mortgage deed, the real estate thereby conveyed, and the promissory note, &c., thereby secured," passes only his interest in the mortgage and not his entire interest. *Durgin* v. *Busfield,* 114 Mass. 492. *Merritt* v. *Harris,* 102 Mass. 326. *Allen* v. *Holton,* 20 Pick. 458. And that rule of intepetation is equally applicable here.

*Judgment affirmed.*