# JOHN WILLIAMS

*v.*

# ABNER W. FORBES.

1. PURCHASER—*of land—of the right of possession under contract of conveyance.* A purchaser of real estate, who does not receive a deed, but simply a contract for conveyance at a future day, is not entitled to the possession of the lands thus purchased.

2. As a general rule, the owner of the fee is entitled to the possession, as against all persons not in under some valid agreement from him. And not only so, but where vacant and unoccupied, the fee draws to it, in contemplation of law, the possession. The mere fact, that a person enters into a contract for the purchase of land, does not entitle him to enter upon and hold it.

3. The purchaser may acquire that right by the terms of the agreement or otherwise ; but in the absence of some agreement to enter, his possession in such case would be unauthorized, and the vendor might recover possession in an action of ejectment.

4. RESCISSION OF CONTRACTS—*of the election of remedies—their effect.* Where a vendor of land reserves in his contract the right to rescind the same, at his own option, upon a failure of his vendee to pay the notes given for the purchase price, at maturity, and elects to sue upon the notes to recover the purchase money, while such action might bar an action of ejectment subsequently brought against his vendee, the bringing of such action of ejectment cannot operate to bar the action of assumpsit previously instituted to recover the purchase money.

APPEAL from the Circuit Court of McLean county ; the Hon. JOHN M. SCOTT, Judge, presiding.

The facts fully appear in the opinion.

Messrs. TIPTON & BENJAMIN, for the appellant.

Messrs. SPENCER & EWING, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of assumpsit, commenced by attachment, by John Williams, to recover the amount of two notes, and for the interest due on eighteen others, against Abner W. Forbes. There were two special counts on the notes, and counts for interest on other notes to fall due, and the usual common counts. Appellee filed a plea, in which he avers that the sole consideration of the notes was the sale of two several tracts of land, which were to be paid for by instalments, and that these and other notes were given to appellant therefor; that he executed two bonds for the conveyance of these lands, upon the payment of the notes at maturity, and that it was provided in these bonds, that appellant should have the right to declare the contract forfeited, in the event that appellee failed to make punctual and prompt payment of the several instalments as they fell due; that all of the notes sued on were given under the different agreements for the sale of the lands.

The plea further avers, that the other counts in the declaration are for interest on the other and remaining notes given for the land, and under these contracts. That after the commencement of this suit, appellant brought an ejectment suit against appellee, to recover the possession of the lands for which the notes were given, and that appellant thereby elected to declare, and had thus declared, the contract forfeited, and at an end, and had released and discharged him from paying the same.

Appellant entered a *nolle prosequi* to all of the counts in his declaration, except the first, second and common counts, and filed a demurrer to the plea. The court overruled the demurrer, and appellant abiding by his demurrer, the court rendered a judgment in favor of appellee and in bar of the action; to reverse which, this appeal is prosecuted and the record is brought to this court.

The question presented is, whether the averments in this plea present a substantial defense. Did the bringing the

ejectment suit operate as a rescission of the contract, and such a declaration of a forfeiture, as to end its binding force, and thereby release or discharge appellee from the payment of the purchase money? In the absence of an agreement to the contrary, the purchaser of real estate, who does not receive a deed, but simply a contract for a conveyance at a future day, is not entitled to the possession of the land thus purchased. The principle is well recognized, that the owner of the fee, as a general rule, is entitled to the possession of the land, as against all persons, not in under some valid agreement from him. And not only so, but when vacant and unoccupied, the fee draws to it, in contemplation of law, the possession. The mere fact that a person enters into a contract for the purchase of land, does not entitle him to enter upon and hold it. It is true, the purchaser may acquire that right by the terms of the agreement or otherwise. But in the absence of some agreement to enter, his possession in such case would be unauthorized, and the vendor might recover possession.

Nor can it be said, that a person who has purchased lands on a credit, should be entitled to possession, unless the right to it entered into and formed a part of the agreement to purchase, or by some other contract. He has not paid for the land; has no title, but simply a contract for a conveyance, which may never be executed and carried into effect; and whether the vendor may, when he has put the vendee into possession under the contract, and he fails to make payments as they fall due, bring suit and regain possession, is not presented by this record; hence we express no opinion on that question. Nor whether, in such a case, if the vendor sues upon the notes given for the purchase money, he is estopped from maintaining an action for the recovery of the possession. The plea fails to aver that appellee was let into possession, and we are uninformed as to his right to possession, or whether it is referable to the contract of purchase of the lands.

But in this case the plea avers, that appellant had, by the terms of the contract, the right to declare a forfeiture for non-payment of any of the instalments of the purchase money. It does not aver that he had exercised that right by direct and positive means, but that he had done acts which, it is claimed, amounted to a rescission. In such a case, a party must be in a position which enables him to perform his part of the agreement before he can exercise the right. If the purchaser is not in default, or the vendor has waived the right, then he is not in a position to declare a forfeiture. If, after the default has occurred, he waives it, he will not be entitled to retract the waiver, and then declare a forfeiture for that default: It is like the case of a vendee suing to recover back his purchase money and dismissing his suit, and then proceeding to enforce a specific performance of the agreement. In such a case he will be held to the rescission, and to be estopped from enforcing the agreement. *Herrington* v. *Hubbard*, 1 Scam., 569. The vendee, by suing to recover back the purchase money, indicates in unmistakable terms, that he abandons the contract, and when thus ended he has no right to revive it without the consent of the other party.

In this case, the vendor retained by the agreement the sole right to declare a forfeiture, and if he had done so, he could not, under the terms of the agreement, proceed to collect the unpaid notes. The mere fact that they were not paid did not operate as a forfeiture, but only gave the vendor the right to rescind the agreement. It remained in full force until a forfeiture should be declared by the vendor. In this case it was so far from being declared, that he was vigorously insisting upon the enforcement of the contract by suit on the notes, for the recovery of the purchase money. By the institution of the suit he waived the right to declare a forfeiture, and surely could not, while it was pending, declare a forfeiture. Even if the vendor could declare a forfeiture, without surrendering the notes given for the purchase money, and not then due, to

the vendee, he surely can not, while he is insisting upon the enforcement of those that are due and unpaid. Nor can it be inferred from the fact that he has instituted proceedings for possession of the lands, while he is endeavoring to enforce payment, that he intended to rescind the contract. On the contrary, when all of the circumstances are considered, we must conclude that he intended to rely upon and enforce the agreement.

Although there may be circumstances connected with the transaction, which would make the institution of this suit a defence to the ejectment suit, the commencement of that suit cannot defeat a recovery in this. The judgment of the court below is therefore reversed and the cause remanded.

*Judgment reversed.*