## D. JAMES LEARY

*v.*

## JAMES L PATTISON.

1. BURDEN OF PROOF. Where a tenant, in an action of forcible detainer, set up in defense that, subsequent to the leasing, he had contracted with the lessee for the purchase of the premises: *Held*, that the burden of proof to establish this defense was upon the defendant: and when the proof of this fact was his own testimony, which was expressly contradicted by the testimony of the plaintiff, the court below was fully warranted in finding that no contract of sale existed.

2. LANDLORD AND TENANT—*forfeiture for non-payment of rent.* Under the second section of the act of 1865, the landlord is not required to make the common law demand for the payment of rent on the very day it becomes due, in order to determine the term for non-payment of rent; and such statute was designed to give the landlord a remedy in such case, where the lease contains no clause for a re-entry.

3. SAME—*forfeiture, how prevented.* In order to prevent a forfeiture, the tenant should pay or tender the rent due before the expiration of ten days from the time the notice is served upon him; if he does not, the landlord may maintain his action for the recovery of the possession of the premises.

4. FORCIBLE DETAINER—*waiver of objection to complaint.* An objection to the sufficiency of the complaint in an action of forcible detainer, must be made by motion to quash, before trial. Such defect can not be taken advantage of on the trial, or for the first time in this court.

APPEAL from the Superior Court of Cook county; the Hon. WILLIAM A. PORTER, Judge, presiding.

Messrs. LEARY & BEATTIE, for the appellant.

Messrs. BARKER & WAITE, and Mr. WM. HOPKINS, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This was an action of forcible detainer, brought by appellee against appellant, to recover possession of certain premises described in the complaint. The suit was instituted before the expiration of the period for which the premises were let, and the right to recover is based on the ground that the lease was forfeited by reason of the non-payment of rent. The lease itself contained an express stipulation that, in case of default of the payment of rent, or any part thereof, on the day named, the landlord, at his election, might declare the lease forfeited and re-enter and take possession of the premises, with or without process of law.

The only questions raised by appellant that we deem material to be considered in the decision of the case, are:

*First*—Whether appellant, after he entered upon the premises as the tenant of appellee, subsequently purchased the same, and thereby terminated the relation of landlord and tenant.

*Second*—Was appellant guilty of such default in the payment of rent as would authorize appellee to declare the lease forfeited, and give him the right to recover the possession of the premises?

The evidence in regard to the alleged contract of sale of the premises to appellant rests almost entirely on his own testimony. Appellee denies most positively making any such contract or sale as that alleged by appellant. There is no doubt there were negotiations between the parties looking to a sale, but none was ever completed.

Under the most favorable view of appellant's own testimony, it does not appear there was any memorandum in writing signed by the party to be charged or, indeed, signed by

either party, that contained a statement of the price, terms of payment, and a description of the property.

It was a matter of defense, and the burden of proof rested on appellant. The evidence given as to the contract does not overcome the express denial of appellee, and the court was fully warranted in finding that no contract of sale existed.

In regard to the second point, we are of the opinion that the existence of the written lease between the parties was sufficiently proved. By its express terms, the rent was to be paid monthly in advance. The better evidence is, that the rent became due on the first day of every month—certainly on the ninth day—the day of the month on which the lease was executed. It may be assumed that the evidence shows that the rent was paid up to the first day of October, 1871.

It is insisted that appellee could not rightfully declare a forfeiture, because it does not appear, either from evidence or from the complaint, that any demand was made on the day the rent became due.

Whatever may have been the rule at common law in regard to the demand of the rent on the precise day the same became due, at a seemly hour before sundown, and at the most public place on the premises, viz: the front door of the dwelling, no such demand is necessary under the statute of 1865. This exact question was passed upon by this court in *Chadwick* v. *Parker*, 44 Ill. 326. It was there held that the second section of the act of 1865 was designed to dispense with the necessity of making a common law demand of the rent on the very day it became due, and to give a remedy where the lease contained no clause for a re-entry.

The provision in the lease providing for a forfeiture for non-payment of rent in that case was almost identical with the one in the case at bar. The notice was the same.

The objections taken by appellant are answered by the reasoning in *Chadwick* v. *Parker*, *supra*. It was there said: "In this case more than ten days elapsed after the notice was given, and the suit was brought, and the appellant should, to prevent a

forfeiture, have tendered the rent in arrear before the expiration of the ten days from the time the notice was served. We have seen that the statute gave him this right; but, failing to pay, his lease became forfeited, and appellee had the right to maintain his action."

In the case under consideration, more than ten days elapsed after notice was given, and before bringing suit, and if appellant desired to prevent a forfeiture, he ought to have paid the rent then in arrears. Having failed to do so, appellant could lawfully declare a forfeiture and maintain an action for the recovery of the premises.

The objections urged against the sufficiency of the complaint should have been taken on a motion to quash. No such motion was made, and the defects, if any exist, can not be taken advantage of on the trial, or for the first time in this court. *Brown* v. *Keller*, 32 Ill. 151; *Jackson* v. *Warner*, 32 Ill. 331.

No material error appearing, the judgment is affirmed.

*Judgment affirmed.*