## Jacob H. Bard et al. v. Wallace E. Jones.

1. FORCIBLE DETAINER.—*Conditions for the Renewal of a Lease a Defense to the Action.*—Where a lease contains a provision for an extension of the same at the option of the lessee, and the lessor at the expiration of the term commences a suit in forcible detainer for the possession of the premises, if the lessee has performed all the covenants on his part to be performed under the lease, made his election to prolong the same and notified the lessor prior to or at the expiration of the original term, he will have a good defense to the action and an injunction will be unnecessary to protect him.

**Bill for Specific Performance.**—Appeal from the Circuit Court of Du Page County; the Hon. CHARLES A. BISHOP, Judge, presiding. Heard in this court at the April term, 1901. Affirmed. Opinion filed July 12, 1901.

J. FRAZIER SNYDER, attorney for appellants; C. STUART BEATTIE, of counsel.

H. H. GOODRICH, attorney for appellee; GOODRICH, FISCHER & SCHWARTZ, of counsel.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was a bill in chancery filed by appellants against appellee, asking for the specific performance of the terms of a lease and an injunction to restrain appellee from maintaining a suit in forcible detainer against them. The bill, which was filed July 9, 1900, charges that on June 8, 1897, appellee leased to appellants certain premises in Naperville, from the 9th day of June, 1897, "for and during and until" the 9th day of June, 1900; by the terms of this lease, which was in writing, it was further provided that "the said tenants shall have the privilege of having this lease extended for a further term of two years next following the term herein mentioned on the same terms and conditions as herein contained, and at a rental of $200 per annum for such additional terms;" that in expectation and confidence that a lease of said premises would be executed to them, pursuant to the terms of said provision of said lease, for the exten-

sion of the same from June 9, 1900, to June 9, 1902, appellants expended sundry sums of money in and about said premises; that appellants immediately after executing said lease, entered into said premises and improvements and have carried on and conducted the business of a livery and boarding stable, which has been extensively advertised throughout the county of Du Page and adjoining counties and is very lucrative and profitable; that they have been ready to perform their part of the provisions of the lease and accept a lease of said premises, pursuant to the terms of said original lease providing for the extension of the same; that for such purpose they caused a draft of the same to be drawn pursuant to the terms of said agreement and provision in said lease contained; that appellants tendered in lawful money of the United States to appellee, the amount reserved as rental for said premises for the term of said extension, but that he refused to take the same; that on June 9, 1900, appellee served upon appellants a demand for the possession of said premises, averring that said lease had terminated, and on June 19th, appellee commenced a suit in forcible entry and detainer against appellants in the Circuit Court of Du Page County, which he now threatens to prosecute, for the purpose of evicting appellants from said premises; that the bringing of said suit is commonly known in the neighborhood of said premises and divers persons have refused to allow their animals and vehicles to remain with appellants in the common and ordinary course of business for fear that the same may be suddenly and forcibly removed from the premises by reason of said suit; that thereby appellants have been seriously inconvenienced, annoyed and damaged in their business and that said damage has become and is irreparable and will continue to be so unless they are granted relief; that unless restrained by an injunction the action of appellee will result in a multiplicity of suits and endless litigation.

The bill prays that appellee may be decreed to execute a lease of the premises to appellants according to the terms of said original lease and that he may be enjoined from

prosecuting his said suit in forcible detainer for the posses-
sion of said premises and from interfering in any manner
with said premises or with the quiet and peaceable posses-
sion thereof by appellants until June 9, 1902.

Appellee demurred to the bill as amended on the ground
that appellants had not stated such a case as entitled them
to relief in equity and for the reason that it showed on its
face that appellants had a complete and adequate remedy
at law. The court sustained the demurrer and appellants
elected to stand by their bill of complaint as amended.
Thereupon the court dismissed the bill for want of equity
and this appeal was taken.

Appellants contend that under the terms of the lease they
were, on June 9, 1900, entitled to a new lease and that appel-
lee, by the plain intent of the lease, covenanted to execute
a new lease. The clause of the lease which is in question
provided, " the said tenants shall have the privilege of having
this lease extended for a further term of two years next fol-
lowing the term herein mentioned," etc. Appellee did not
agree in terms to execute a new lease but simply to give
appellants the privilege of having the old lease extended
for two years more upon the same terms. Whether or not
the lease should be extended depended upon the option of
appellants. The bill, however, fails to show an election on
the part of appellants to extend the lease, and in the absence
of such an election the bill is defective as not showing any
right on the part of appellants either to a new lease or to
have the time of the old one extended. It is true that there
is an allegation in the bill to the effect that appellants pre-
sented a new lease to appellee with a tender of the rent
provided for and that appellee refused to accept or execute
it, but it does not show when the lease was presented or the
tender made, whether it was before or after the termination
of the original lease, or before or after the suit in forcible
detainer was commenced. In order to make the election
effective it should have been made and notification thereof
given to appellee prior to or at the termination of the lease.

We are also of opinion that appellants have a complete

remedy at law. The suit in forcible detainer was commenced before this bill was filed, and if appellants had performed all the covenants on their part to be performed under the lease, and had made their election to prolong the lease and notified appellee thereof prior to or at the expiration of the original term, they would have a good defense to the action and an injunction would be unnecessary to protect them.

An injunction is sought on the ground that appellants are about to suffer an irreparable injury by reason of the action of appellee, but it also appears from the bill that the alleged irreparable injury will result only from the suit in forcible detainer brought, or others which may be brought, by appellee for possession of the premises. We do not think this a sufficient allegation to show irreparable injury such as to justify an injunction. If such were the case a suit in forcible detainer for similar property could very seldom be maintained.

We are of opinion the court below properly sustained the demurrer to the bill and its decree is therefore affirmed.