### John J. Doyle v. Laura L. Arthur.

#### Gen. No. 12,937.

1. VERDICT—*when not disturbed.* A verdict fairly supported by the evidence will not be set aside on review.

Action commenced before justice of the peace. Appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the March term, 1906. Affirmed. Opinion filed January 21, 1907.

JOHN E. OWENS and GEARON & GEARON, for appellant.

STEELE & THOMPSON, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

Laura L. Arthur leased in writing to John J. Doyle, the first and second floors of the brick building, 240 South St. Louis avenue, Chicago, for a term of one year expiring October 31, 1905. In the lease there was an option of renewal for a term of five years, on condition of Doyle giving to Laura L. Arthur notice in writing of his desire for such renewal thirty days prior to the expiration of the term in the lease.

Doyle v. Arthur.

On November 1, 1905, the day following the expiration of the term in the lease, Laura L. Arthur filed in the office of a Cook county justice of the peace, her complaint in forcible detainer, in an endeavor to recover from Doyle possession of the demised premises. A trial before the justice resulted in a judgment for possession against Doyle.

Doyle perfected an appeal to the Circuit Court, and a trial there before the court, without a jury, terminated in a finding and judgment against Doyle for possession, and he prosecutes this further appeal in an effort to reverse that judgment.

There is but one question presented to this court in the record before us. It is virtually undisputed that at the time of the filing of the complaint with the justice of the peace the term granted in the lease under which Doyle occupied the premises had expired by lapse of time. It consequently follows that whatever rights Doyle had to further occupy the premises must arise from an exercise by him of the option of renewal which we find in the lease. This is his claim of right to continue his occupation of the premises. This right depends primarily upon whether or not he served the thirty-day notice on his landlady required by the option terms of renewal within the time there limited. Such is the defense, and it is affirmative in character and does not put in question or challenge the facts in evidence constituting appellee's right to maintain this action, but is the assertion of a new and independent right, viz., the right to a new term. Sutherland v. Goodnow, 108 Ill. 528, and Bard v. Jones, 96 Ill. App. 370. The burden was therefore cast upon Doyle to maintain and establish his claim of right to a new term by a preponderance of the evidence.

In support of this claim of right to a new term Doyle claims he served the thirty-day notice, required by the terms of the option as a condition precedent to entitle him to a new term at the time of mak-

ing payment of the October, 1905, rent, on Sunday, the first day thereof, by handing the same to Ella J. Decker, a sister of Laura L. Arthur, at the latter's residence; that subsequently Mrs. Arthur came to the door with a receipt and a bill against Doyle for repairs made to the premises, which she claimed were made necessary by Doyle's negligently allowing the water pipes to freeze, and that when she so came to the door she had in her hand the thirty-day notice required by the option of renewal, which he had just before handed to Ella J. Decker. To substantiate this testimony of Doyle's as to the serving of the notice, he produces as a witness Howard W. Lenthstrom, who at that time had been in his employ about a year. Both Doyle and Lenthstrom admit that the latter did not go with Doyle to the door of the residence of Mrs. Arthur, but that Lenthstrom stood at the foot of a flight of twelve steps below the landing at the back door of Mrs. Arthur's residence, these steps being close against the wall of the building. The testimony of Doyle and his witness on this point is categorically denied by both Ella J. Decker and Laura L. Arthur, and we are inclined to view it with much distrust. It was not possible that Lenthstrom could from his remote situation identify any of the papers which passed between Doyle and Decker and Arthur. How could he distinguish between the receipt, the bill and the so-called notice, if any there was, from the distance at which he stood from these small pieces of paper, with the apparent obstructions in his way? We are no more able to credit this testimony than was the trial judge.

The defense made was not sustained by the proof. Mrs. Arthur, appellee, was therefore entitled to a judgment for possession, and the trial court in so ordering did not commit any error.

The judgment of the Circuit Court is affirmed.

*Affirmed.*