### William Kissack, Trustee, et al. v. William Bourke.

#### Gen. No. 4,760.

1. APPEAL—*when several appeal not effective.* Where an appeal is granted to all defendants jointly, an appeal perfected by one only is not effective.

2. APPEAL—*when irregularity in perfecting, cured.* An irregularity in perfecting an appeal is cured where the appellee joins in error and treats the appeal as properly pending.

3. PRIVILEGED COMMUNICATION—*what not.* A communication from attorney to client is not privileged where such communication takes place in the presence of a third party seeking to avail thereof.

4. FORCIBLE ENTRY AND DETAINER—*what does not establish right to possession.* The extension of an option to purchase land which did not confer the right to possession does not tend to establish a right of possession.

Forcible entry and detainer. Appeal from the Circuit Court of McHenry county; the Hon. CHARLES H. DONNELLY, Judge, presiding. Heard in this court at the October term, 1906. Affirmed. Opinion filed March 13, 1907.

LUMLEY & FIELD, for appellants.

J. F. CASEY and MULLEN & HOY, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

In this action in forcible detainer brought by appellee to recover possession of certain lands, and tried

without a jury, the suit was dismissed as to certain defendants, and judgment was rendered for appellee against the remaining defendants, American Torpedo Sand Company and William Kissack, trustee for William Kissack and George C. Koier. Said defendants prayed and were allowed an appeal to this court. In the appeal bond the Sand Company is the only principal, and the other defendants sign as sureties only. As the appeal was granted to all the defendants jointly, an appeal perfected by one only is not effective. Lingle v. City of Chicago, 210 Ill. 600; Fortune v. Gilbert, 207 Ill. 235. But as the other defendants signed the appeal bond as sureties, and as all have assigned errors, and as appellee has joined in error by filing briefs, we treat the appeal as properly pending. The assignments of error only question the action of the court in excluding evidence offered by appellants, admitting evidence offered by appellee, and refusing to permit witnesses Fisher and Mann to give certain testimony; and the assignments of error with reference to Fisher and Mann are the only ones argued by appellants.

On October 27, 1905, appellee, owner of the lands, gave William Kissack, trustee (who was acting for appellants), an option to buy the land (subject to the interest of Dahn, a tenant), within sixty days, for $9,900 and Kissack paid appellee $100 therefor. On the same day appellee obtained from the tenant an agreement to surrender his term February 28, 1906. The money was not tendered during the sixty days, but afterwards was tendered and refused. Appellants put some horses in a barn during the occupancy of the tenant, and after the tenant left appellants were found in full possession of the land. An attempt was made to show that appellee consented to such possession. Upon examining all the evidence in the record upon that subject, we are satisfied with the conclusion of the trial court, that appellee did not give appellants any oral leave or license to enter or take possession.

Appellants called Fisher and Mann, who had been attorneys for appellee, to prove that in a conversation at which both parties were present appellee directed his attorneys to indorse an extension of thirty days on the contract. Appellee objected, as did also the witnesses, and the court sustained the objections. The ground of the objection was that this was a privileged communication. Both parties were present at the conversation, and therefore the objection was not well taken. Lynn v. Lyerle, 113 Ill. 128; Andrews v. Scott, 113 Ill. App. 581, affirmed as Scott v. Aultman Co., 211 Ill. 612. But proof of any extension of the contract, either oral or written, was immaterial, and therefore it was not error to reject the proof. The contract gave the holder of the option no right to possesesion, but that right remained with the owner of the fee. Williams v. Forbes, 47 Ill. 148; Chappell v. McKnight, 108 Ill. 570. Therefore, in this case, appellee had a right to recover, and the extension, if proved, would not have been a defense. If this were a bill filed by Kissack for specific performance, it may be that proof of an oral extension for thirty days and of a tender within that time would have been material. Kissack v. Bourke, 224 Ill. 352. But until appellee delivers a deed under the contract he is entitled to possession.

The judgment is, therefore, affirmed.

*Affirmed.*