## Edward W. Stanwood v. August Kuhn.

### Gen. No. 4,745.

1. OPTION—*what constitutes irrevocable offer.* A lease which gives to the lessee an option of purchasing the premises demised is not an offer to sell which may be retracted, but is a continuing and irrevocable offer, binding the lessor to convey to the lessee upon his compliance with the terms of the option.

2. OPTION—*what sufficient consideration to support.* The agreement to pay rent is a sufficient consideration to support an option to purchase contained in a lease.

3. FORCIBLE DETAINER—*when does not lie against one who enters as lessee.* Forcible detainer does not lie against a person who has entered into the possession of premises under a lease where such lease contained an option to purchase which option has been exercised and the terms of purchase complied with or sought by tender to be complied with.

Forcible entry and detainer. Appeal from the Circuit Court of Lake county; the Hon. ROBERT W. WRIGHT, Judge, presiding. Heard in this court at the October term, 1906. Reversed and remanded. Opinion filed March 13, 1907.

CHARLES WHITNEY, RALPH J. DADY and ALFRED E. BARR, for appellant.

FELSENTHAL, FOREMAN & BECKWITH, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

This is an action of forcible entry and detainer, commenced by August Kuhn against Edward W. Stanwood on the first day of April, 1905, by filing a complaint before a justice of the peace to recover possession of a farm of two hundred acres of land described in the complaint.

It appears that on the 21st day of December, 1899, August Kuhn, the owner of the farm, and his wife made a written lease of the premises in controversy to the appellant for the term of five years from the first day of March, 1900, at an annual rental of five hundred dollars, payable in equal semi-annual payments, all of which were paid. The written contract of leasing contained the following provision:

"The party of the first part covenants that if at any time during the period of this lease, said second party should desire to purchase the said premises, said second party may purchase the same at seventy-five dollars per acre therefor, and said first party agrees to furnish a good and merchantable title to said premises in case of said sale; and that at the expiration of said term the said party of the second part will quit and surrender the premises hereby demised, in as good

state and condition as reasonable use and wear thereof will permit, damages by the elements excepted; and said party of the second part hereby covenants to pay any and all assessments levied upon said premises for road purposes during the term of this lease and said first party pay all other taxes during the term of this lease.''

This lease with the option of purchase is under seal and was executed in duplicate by appellee and wife, and by appellant, and a copy delivered to each of the parties. On the day of the execution of this contract the appellant seems to have exercised his option to purchase by paying one thousand dollars to appellee on the purchase price of the farm. The appellee gave to the appellant a receipt as follows:

''CHICAGO, ILL., Dec. 21, 1899.

Received of E. W. Stanwood one thousand dollars to apply on the purchase price of fifteen thousand dollars of my farm this day leased of me by him, and I agree to pay him five per cent. interest on the same during the term of his lease executed between August Kuhn and wife and E. W. Stanwood, and it is agreed and understood should he not purchase the farm he forfeits the one thousand dollars.

AUGUST KUHN,
MARY A. KUHN.

Signed in duplicate.''

On March 1, 1900, appellant went into possession of the farm and remained in possession and paid rent to March 1, 1905. On March 20, 1905, Kuhn made a demand in writing on appellant for the immediate possession of the premises, insisting that the lease having by its term expired on March 1, 1905, Stanwood must surrender possession. From the judgment before the justice an appeal was taken to the Circuit Court, where a verdict was directed in favor of plaintiff. A motion for a new trial was overruled, and the defendant appeals to this court.

Stanwood assigns for error the refusal of the court to permit proof to be made, that on the 28th day of

February, 1905, he notified Kuhn and wife of his election to accept his option to purchase the farm, and tendered both to August Kuhn and Mary A. Kuhn, his wife, the sum of fourteen thousand dollars in legal tender currency for the full purchase price of the premises mentioned in the lease and receipt; that Kuhn and wife refused to accept the purchase price and declined to carry out the contract; that five or six months prior to that time he had asked the Kuhns for an abstract, and they had refused to allow him to have it; that at the time of the tender the Kuhns stated that the property was encumbered and they could not give him a merchantable title; that Stanwood during his occupancy of the premises had expended $2,200, in permanent improvements which are now on the farm. Appellee admitted the witnesses would testify to the foregoing statements, but objected to their admission on the ground that they were irrelevant, incompetent and immaterial. The court sustained the objection to each of the foregoing offers of proof, and appellant excepted.

The question involved is the construction that must be given at law to the contract and what effect if any the acts of the parties have thereon, and the application of the forcible entry and detainer act. Appellee contends that, the term of the lease having expired, appellant must deliver up possession, notwithstanding he has $1,000 of the appellant's purchase money and though the total purchase price under the option was tendered to him before the term of the option expired, and he insists that if appellant wants the option to purchase fulfilled, he must bring his suit in equity for specific performance of the contract. The contention of appellant is that he went into possession of the farm under the contract of leasing with the option to purchase and that the payment of the $1,000 before taking possession was notice of his election to accept the option, in addition to the notice given at the time of making the tender; that having

tendered the full purchase price within the term speci-
fied in the lease within which he had the right to exer-
cise the option, he is a vendee rightfully in possession
without any default on his part.

The lease giving to the lessee an option of purchas-
ing the premises is not an offer to sell which may be
retracted, but is a continuing and irrevocable offer,
binding the lessor to convey to the lessee upon his
compliance with the terms of the option. The agree-
ment to pay rent is a sufficient consideration for the
giving of the option. McCauley v. Coe, 150 Ill. 311;
18 Am. & Eng. Ency. of Law, 2nd ed., 632. Appellee
very strenuously insists that, the lease providing
"that at the expiration of said term said party of the
second part will quit and surrender the premises
hereby demised" and this proceeding being under the
forcible entry and detainer act, the appellant must
literally comply with that provision. It will be ob-
served that the *proviso* for surrendering possession is
a part of the same sentence which gives the option
to purchase. Where a lease gives to the lessee an
option to purchase, and the lessee exercises his option,
he is no longer a tenant, but is a vendee. Coomler v.
Hefner, 86 Ind. 108; Knerr v. Bradley, 105 Pa. St.
190; Buffum v. Breed, 116 Mass. 582; Parker v. Allen,
84 N. C. 466; 18 Am. & Eng. Ency. of Law, 2nd ed.,
167. In the Buffum case, *supra*, it was held that the
exercise of the option to purchase terminated the con-
ditions applicable to the tenancy. It would not be
contended that had the option been exercised during
the first year of the appellant's tenancy the purchase
money paid and the deed delivered, that the appellee
was bound to pay the taxes for the succeeding four
years. Appellee insists that he is entitled to the
possession of the premises by reason of the agree-
ment in the lease to "surrender the premises" at
the expiration of the term, under the proviso of the
fourth clause of the second section of the forcible en-
try and detainer act, which provides "when any lessee

of the lands or tenements or any person holding un-
der him holds possession *without right* after the termi-
nation of the lease or tenancy by its own limitation,
terms or conditions, or by notice to quit or other-
wise." It is said that, this being a statutory pro-
ceeding, the words "surrender the premises" must be
complied with. The case of Hunter v. Silvers, 15 Ill.
174, is relied upon as authority for the position that
appellant herein cannot defend in a forcible detainer
suit, and that although he may have done all that is
required of him by the contract and is rightfully en-
titled to receive a deed from appellee, yet he must
surrender possession, bring his suit in equity and ob-
tain his rights in that forum. Since the decision in
the Hunter case the Forcible Detainer Act was
changed in 1872 by the insertion of the words "with-
out right." The statute having been materially
changed since that decision was rendered, that case
cannot now be authority upon the construction of the
present statute. The landlord now must not only
show that the term has expired, but that the tenant
is holding *without right*. Eichorn v. Peterson, 16 Ill.
App. 601; Bard v. Jones, 96 Ill. App. 370; Holt v.
Nixon, 141 Fed. R. 952. In Leary v. Pattison, 66 Ill.
203, a forcible detainer case where a tenant sought
to defend on the ground that he had bought the prem-
ises by a subsequent oral contract and terminated
the relation under the lease, it was held, that "it was
a matter of defense, and the burden of the proof
rested on the appellant. The evidence given as to
the contract does not overcome the express denial of
appellee." The inference is that had a binding con-
tract been proved it would have been a good defense.
The mere contract for the purchase of land does not
authorize the purchaser to enter into possession of
the property without license from the vendor, but
such license may be either express or implied from
circumstances. Chappell v. McKnight, 108 Ill. 570.
"While as a general rule the legal title must prevail

in actions at law, ejectment or forcible entry cannot be maintained against one in the lawful and rightful possession of land," where the possession was rightfully obtained. C. P. & St. L. R. R. Co. v. Vaughn, 99 Ill. App. 390. In Doty v. Burdick, 83 Ill. 475, the court said: "This court has uniformly held that in an action of forcible detainer only, the title to the premises is not involved, nor can it be inquired into on the trial; that possession and the right of possession independent of title are the only questions involved." A plaintiff in order to recover in a forcible detainer suit against a defendant in possession under a contract of purchase must show the failure of the defendant to comply with the contract. When a party had made a contract for the purchase of land and under that contract has gone into possession, the premises are in fact his property, subject only to the lien of the vendor for the unpaid balance of the purchase money. Smith v. Pierce, 42 Ill. 399; Sands v. Kagey, 150 Ill. 115. The appellant rightfully obtained possession under his lease, with an option to purchase during the term, and having elected to purchase the premises and performed all the terms of the option without any default on his part, his possession was rightful. It was not necessary for appellant to go into equity to restrain the forcible detainer suit and to get a decree for specific performance. Under the authority of the Eichorn, Bard and Holt cases, *supra,* it was competent for him to show he had accepted the option to purchase, and that his possession was rightful, and that he had fully performed the contract on his part, or that it was not because of any default on his part that it was not performed. That part of the clause in the contract requiring a surrender of the premises at the end of the term was as effectually annulled by the exercise of the option to purchase as the part calling for the payment of taxes by appellee would have been annulled by the execution of a deed during the first year of the term.

If appellee has by his own acts placed himself where he cannot carry out his contract, such facts cannot prejudice the rights of appellant. Appellant was entitled to show that he had accepted the option and fully performed the contract on his part, or was prevented from so doing by acts of appellee. The court erred in sustaining the objection to the evidence showing that appellant had accepted the option and tendered payment thereunder. We do not think the evidence concerning the improvements was material, since that had nothing to do with the performance of the contract. The judgment is reversed and the cause is remanded for a new trial, because of the errors indicated.

*Reversed and remanded.*