Mary A. Coleman, Appellee, v. James Connolly et al., Appellants.

Gen. No. 4,935.

1. VENDOR AND VENDEE—*when latter acquires right to possession of real estate.* A vendee of real estate has no right of possession before he obtains a deed unless the contract so specifies or the vendor voluntarily lets him into possession; nor does a tender of the balance of the purchase price confer the right to possession.

2. FORCIBLE ENTRY AND DETAINER—*what issue not involved in.* The issue of title is not involved in a forcible entry and detainer proceeding.

Forcible detainer. Appeal from the City Court of Aurora; the Hon. E. M. MANGAN, Judge, presiding. Heard in this court at the October term, 1907. Reversed and remanded. Opinion filed March 11, 1908.

J. P. CALLAN and A. C. VAN PATTEN, for appellants; RAYMOND & NEWHALL, of counsel.

SEARS & SMITH, for appellee.

MR. PRESIDING JUSTICE WILLIS delivered the opinion of the court.

This is an action in forcible detainer instituted by Mary A. Coleman, appellee, against James and Mary Connolly, appellants, before a justice of the peace. The complaint charged appellants with unlawfully withholding from appel-·lee possession of lot three in block ten, of Clark's Seminary addition to Aurora, Kane county, Illinois. There was a judgment for appellee, an appeal to the City Court of Aurora, Illinois, trial before the court without a jury, judgment for appellee and this further appeal.

The evidence shows that Pierce Cummings owned the real estate in question and died testate in 1893. His will named as executors and trustees his two daughters, Anastasia and Elizabeth Cummings, and in section 9 directed that the income from this and other property be divided between his wife Margaret and his three children, one-third to his wife and the remainder divided equally among the three children or the survivor · or survivors; and empowered the trustees to sell the property and invest the purchaser with complete title, and give one-third of the proceeds to his wife if she be then living, and the remainder to his three daughters, Anastasia, Elizabeth and Margaret in equal parts, or to the survivor or survivors, share and share alike. The will further provided that if one of the trustees or executors died, failed to act, or became disqualified, then his daughter, Margaret Cummings, on reaching her majority, should become her successor. On October 31, 1893, Anastasia and Elizabeth Cummings were appointed executors. About 1901 Elizabeth Cummings died. Anastasia became Mrs. Healy and moved to St. Paul, Minnesota. Margaret became Mrs. Byrne, and on July 28, 1904, was appointed executrix of said estate. After Mrs. Healy moved to Minnesota, she appointed J. P. Callan her agent in Aurora and authorized him to sell the property in question. After Mrs. Byrne moved to Chicago, she authorized one Hotz, her agent in Aurora,

to take care of this and other property. Callan obtained an offer of $1,000 from James Connolly for the property and communicated the offer to Mrs. Healy, who wrote him to close the trade. On July 29, 1904, Callan accepted $60 from Connolly and gave him a receipt or memorandum in the following words and figures:

"Aurora, Ill., July 29, 1904.

Received of James Connolly sixty ($60.00) to apply on purchase of the Cummings House and Lot No. 442 South Broadway, Aurora, Ill., price of house and lot to be $1,000.00.

STESSIA CUMMINGS HEALY, Executor,

J. P. CALLAN, Agent."

A deed was prepared and sent to Mrs. Healy which was executed by her. It was then sent to Mrs. Byrne who refused to execute it and it was never delivered. At the time the memorandum was signed and delivered to Connolly, a tenant was in possession of the property. Some six months later the tenant vacated and Connolly put a lock on the door and afterwards moved into the house.

On February 5, 1907, Margaret Cummings, the widow, Anastasia Healy and Charles G. Healy, her husband, and Margaret Byrne and John T. Byrne, her husband, by quitclaim deed, conveyed the property in question to Mary A. Coleman, appellee, in consideration of $1,250.

. Connolly does not claim that he had any authority from Mrs. Healy to put a lock on the door or to move into the house, but does urge that he had a conversation with Hotz, agent for Mrs. Byrne, after he put the lock on the door but before he moved into the house, in which Hotz consented to his taking possession. Connolly testified that when Hotz discovered that he had locked the house, he told him he would break the lock, put him out, and rent the house, but after he had some talk with Hotz and showed him the receipt or memorandum, and said to him, "I am after buying it," Hotz said, "All right." If Hotz had authority to bind his principal in this matter, which does not appear from this

record, this remark did not amount to consent for Connolly to enter into possession.

A vendee of real estate has no right of possession before he obtains a deed, unless the contract so specified or the vendor voluntarily lets him into possession. William v. Forbes, 47 Ill., 150; Chappell v. McKnight, 108 Ill., 570. It will be observed that the memorandum or receipt of July 29, 1904, signed by Callan as agent of Anastasia Cummings Healy, was silent as to the question of possession, and the record fails to disclose that Mrs. Healy or her agent Callan consented that Connolly might take possession. It is true the evidence shows that Connolly tendered the balance of the contract price, but that is of no force in establishing the right of possession. Connolly, therefore, entered the premises without right, and the right of action to recover the possession of the premises so invaded by him vested at once in the then owner of the property (Fitzgerald v. Quinn, 139 Ill., 165), and such right of action did not pass to the assignee of the party in whom it so vested. Dudley v. Lee, 39 Ill., 339. Connolly went into possession nearly two years prior to February 5, 1907, the date of the deed upon which appellee bases her right of possession of the premises and the right of possession at that time was in the parties who held the legal title, whether it was the trustees or devisees under the will of the said Pierce Cummings; and if the same was in the grantors of the deed to appellee, that right did not pass by said deed.

This being a proceeding involving the right of possession only, we are not called upon to settle the question of title arising from the alleged contract on the one hand and the deed to Mary A. Coleman on the other. Fitzgerald v. Quinn, supra. Therefore it is immaterial for the purposes of this hearing whether the title to the premises in controversy was in the widow and children of the testator or in the trustees under the will. The action of forcible detainer is a special statutory proceeding and must be brought by the person whose possession has been invaded. It is an action by such person to be restored to the possession, and

Kempton v. Funk.

one suing under the forcible detainer act must show a right of possession in himself, and he cannot rely on a lack of right in those whom he seeks to dispossess. McIlwain v. Karstens, 152 Ill., 135; Fitzgerald v. Quinn, *supra*. The facts do not show that appellee had any right of possession in the premises invaded, therefore she is not entitled to maintain this action.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*