## Mary Moran, Appellee, v. John J. Redder, Appellant.

### Gen. No. 33,641.

Matcheit, J., dissenting.

Opinion filed October 14, 1929.

Coburn, Kearney & Coburn and Joseph I. Sheridan, for appellant; Marshall V. Kearney, of counsel.

James J. Gaughan, for appellee; Frederick A. Gariepy and Edwin L. Hendricks, of counsel.

Mr. Justice O'Connor delivered the opinion of the court.

Plaintiff brought an action of forcible detainer against the defendant to recover possession of certain premises in Chicago. The complaint being in the usual form, charged that the defendant "unlawfully withholds the possession thereof" from plaintiff. The case was tried before the court without a jury and there was a finding and judgment in plaintiff's favor, and defendant appeals.

The record discloses that plaintiff owned the premises in question and leased them to the defendant by a written lease covering the period from May 1, 1924, to April 30, 1926. Another lease was executed by the

parties covering the period from May 1, 1926, to April 30, 1927, and by a third lease the premises were demised from May 1, 1927, to April 30, 1928, and the fourth lease, being the one in question, covered the period from May 1, 1928, to April 30, 1929, the premises being occupied by the defendant as a private dwelling.

Plaintiff, after offering the leases in evidence and after it appeared that defendant was still in possession and had not paid the rent for the months of October, November and December, 1928, and January and February, 1929, rested.

The defense interposed was that while the defendant was occupying the premises under the lease last executed, a written agreement was entered into between plaintiff and defendant whereby plaintiff agreed to sell and the defendant agreed to purchase the premises in question for $5300, and that thereupon the relation of landlord and tenant ceased and that the defendant was thereafter occupying the premises as the vendee in possession. The agreement was in the form of a receipt and is as follows:

"August, 23rd/28

"Received of Mr. John Redden, one hundred dollars cash deposit on cottage known as 4923 Polk St. one thousand dollars or more cash and $50 a month including interest; fifty three hundred dollars and no taxes back.

(Signed) Mrs. Mary Moran."

This document is in the record and appears to be in the handwriting of the plaintiff, Mrs. Moran. The defendant also offered to prove that after the execution of the document quoted, plaintiff made no attempt to collect rent until January 15, 1929; that prior to that time, December 12, 1928, plaintiff advised the defendant that she was ready to consummate the sale of the premises; that defendant accepted this proposition and

a meeting was arranged for a few days thereafter, and that in the meantime plaintiff refused to consummate the transaction.

Other evidence was offered by the defendant which we think it unnecessary to refer to. All of the evidence offered by the defendant was excluded by the court, the court stating that until the defendant "had a deed to those premises, he would have no right to possession, . . . Until he (defendant) has a deed entitling him to right to possession, he cannot stand on the question of the contract. The only remedy he has got is to pay his rent or get out, and file a bill for specific performance. . . .

"By virtue of what right under a contract could he possibly hold possession as against this plaintiff? A contract at the most is a mere inchoate right to possession under the terms of the contract, which if not fulfilled, gives him a right to go into a court of equity and file a bill for specific performance."

We think the court erred in excluding the evidence. We see no reason why a landlord and his tenant may not enter into a valid contract for the purchase and sale of the premises, and when this is done, the relation of landlord and tenant ceases even though the contract does not specifically authorize the tenant to enter into or withhold possession as purchaser of the premises, as this authority may be implied from the circumstances. *Leary v. Pattison,* 66 Ill. 203; *Stanwood v. Kuhn,* 132 Ill. App. 466; *Mahannah v. Mahannah,* 292 Ill. 133.

The *Leary* case was an action of forcible detainer, the defense interposed was that subsequent to the lease, the tenant entered into a contract with the lessor for the purchase of the premises. The court held that the burden of proof to establish the defense was upon defendant; that it was a question of fact and not that

the evidence of such sale and purchase was inadmissible.

The *Stanwood* case was also an action of forcible detainer, where it was held that the action would not lie against one who had entered into possession of the premises under a lease where such lease contained an option to purchase, which option had been exercised by the defendant. The court there said (p. 470, 471):

"Appellee insists that he is entitled to the possession of the premises by reason of the agreement in the lease to 'surrender the premises' at the expiration of the term, under the proviso of the fourth clause of the second section of the forcible entry and detainer act, which provides 'when any lessee of the lands or tenements or any person holding under him holds possession *without right* after the termination of the lease or tenancy by its own limitation, terms or conditions, or by notice to quit or otherwise.' It is said that, this being a statutory proceeding, the words 'surrender the premises' must be complied with. The case of *Hunter v. Silvers,* 15 Ill. 174, is relied upon as authority for the position that appellant (the tenant) herein cannot defend in a forcible detainer suit, and that although he may have done all that is required of him, by the contract and is rightfully entitled to receive a deed from appellee, yet he must surrender possession, bring his suit in equity and obtain his rights in that forum. Since the decision in the Hunter case the Forcible Detainer Act was changed in 1872 by the insertion of the words 'without right.' The statute having been materially changed since that decision was rendered, that case cannot now be authority upon the construction of the present statute. The landlord now must not only show that the term has expired, but that the tenant is holding *without right. Eichorn v. Peterson,* 16 Ill. App. 601; *Bard v. Jones,* 96 Ill. App. 370; *Holt v. Nixon,* 141 Fed. R. 952. In *Leary v. Pattison,*

66 Ill. 203, a forcible detainer case where a tenant sought to defend on the ground that he had bought the premises by a subsequent oral contract and terminated the relation under the lease, it was held, that 'it was a matter of defense, and the burden of the proof rested on the appellant. The evidence given as to the contract does not overcome the express denial of appellee.' The inference is that had a binding contract been proved it would have been a good defense. The mere contract for the purchase of land does not authorize the purchaser to enter into possession of the property without license from the vendor, but such license may be either express or implied from circumstances. *Chappell v. McKnight,* 108 Ill. 570."

The court then further discusses the authorities and continuing said that where a party had made a contract to purchase land and had gone into possession, the premises are in fact his property, subject only to the lien of the vendor for the unpaid balance, and (p. 472):

"The appellant rightfully obtained possession under his lease, with an option to purchase during the term, and having elected to purchase the premises and performed all the terms of the option without any default on his part, his possession was rightful. It was not necessary for appellant to go into equity to restrain the forcible detainer suit and to get a decree for specific performance."

In the instant case the evidence tended to show that plaintiff was rightfully in possession of the premises under his lease but afterwards the parties entered into the contract for the purchase and sale, and that for several months thereafter complainant made no attempt to collect the rent, all of which tended to show that defendant was occupying the premises, not as tenant but as vendee, and under the law this relation-

ship may be shown by circumstances as stated in the *Stanwood* case.

In the *Mahannah* case (292 Ill. 133) the court said (p. 138):

"Charles Mahannah had been a tenant of his father, and while he sustained that relation he could not question the title of his landlord, but upon the making of the contract (to purchase) and his entry upon the performance of it the character of his possession was changed. (*Coari v. Olsen,* 91 Ill. 273.) It was not necessary that Charles should surrender the possession and re-enter under the contract. *Black v. Hoopeston Gas and Electric Co.,* 250 Ill. 68."

The court erred in excluding the offered evidence, and the judgment of the municipal court of Chicago is reversed and the cause remanded.

*Reversed and remanded.*

McSurely, P. J., concurs.

Mr. Justice Matchett dissenting: I dissent from the judgment of the court. In the first place, the receipt in evidence fails to disclose either a vendor or a vendee. No one agrees to sell. No one agrees to buy. I find nothing in the record tending to prove any contract. The receipt set up in the opinion (the uncontradicted evidence shows) was delivered on August 23, 1928. The supposed terms of the supposed contract are set up in a letter by defendant to plaintiff, dated January 12, 1929, which is clearly a self-serving document written after the controversy arose and therefore was properly excluded by the court.

In the second place, while I agree with the statement of the court to the effect, "We see no reason why a landlord and his tenant may not enter into a valid contract for the purchase and sale of the premises," I quite disagree with the further statement, "And when this is done the relation of landlord and tenant ceases

even though the contract does not specifically author-
ize the tenant to enter into or withhold possession as
purchaser of the premises as this authority may be
implied from the circumstances,'' and the cases cited
do not in my opinion sustain the proposition. *Leary
v. Pattison,* 66 Ill. 203, does not sustain it, for the judg-
ment there was apparently based on a finding that no
contract for the sale of the premises had been made.
*Stanwood v. Kuhn,* 132 Ill. App. 466, was a case where
the defendant entered into a lease which by its terms
gave to the lessee an option to purchase the premises,
which the court found to be an irrevocable offer.
*Mahannah v. Mahannah,* 292 Ill. 133, was a suit in
equity, and the decisions were controlled by equitable
principles which have no application to a suit at law.
The statement of the trial court, ''Of course, I am go-
ing on the theory on this case that until there is a deed
passed, he has absolutely no right of possession,''
seems to me to express the holding of the courts in the
analogous cases of *O'Brien v. O'Brien,* 195 Ill. App.
346, and *Merki v. Merki,* 212 Ill. 121. In *O'Brien v.
O'Brien,* the opinion states: ''An action in forcible
detainer is an action at law, and an equitable defense
cannot be set up in such action,'' while in *Merki v.
Merki, supra,* it was held that the question of whether
a deed from a party, under whom defendant claimed,
had been executed and afterwards lost or destroyed
might not be inquired into in a forcible detainer suit.

The general rules are that an option to purchase
land which does not confer the right to possession does
not tend to establish the right of possession (*Kissack
v. Bourke,* 132 Ill. App. 360); that a vendee of real
estate has no right to possession unless the contract
so provides or the vendor voluntarily lets him into
possession (*Coleman v. Connelly,* 139 Ill. App. 383);
that the mere purchase of land from the owner of the
fee does not authorize the purchaser to enter into

possession without license from the seller either expressly or implied. (*Chappell v. McKnight,* 108 Ill. 570.)

I do not question the proposition that a vendor of the fee may by contract or license grant to his vendee the legal right to possession and that when so granted the same may be interposed as a defense to an action in forcible detainer or ejectment. I understand it is so held in *Black v. Hoopeston Gas & Elec. Co.,* 250 Ill. 68, and *Kopprasch v. Satter,* 331 Ill. 126, but in my opinion not a scintilla of evidence was offered in this case from which a jury or a court could reasonably find any such license, grant or contract. The burden was of course upon the defendant to establish the controlling fact that by some grant from his alleged vendor the character of his right of possession had been changed from that of a tenant to that of a vendee in possession by permission.

The defendant having failed to produce or offer any testimony tending to sustain this defense, I think the judgment should be affirmed.