## Charles Dillow and Cora A. Dillow, Appellees, v. Hallie L. Hileman et al., Appellants.

Opinion filed March 13, 1939. Rehearing denied July 1, 1939.

J. KELLY SMITH, of Mounds, for appellants.

W. D. LYERLE and R. WALLACE KARRAKER, both of Jonesboro, for appellees.

MR. JUSTICE STONE delivered the opinion of the court.
This is a suit in forcible entry and detainer brought in the county court of Union county. The second amended complaint alleges that plaintiffs are entitled to the possession of the premises described therein and that defendants unlawfully withhold possession thereof from them.

Defendants deny the right of possession in plaintiffs; deny that they are in possession by lease, but claim that they are in rightful possession of the premises by virtue of a bond for deed by plaintiffs and allege that they have performed all conditions precedent to entitle them to a bond for deed and in fact a deed. In support of this contention they bring into court their Exhibit "B" which is the same as plaintiffs' Exhibit "A" with the addition of the following written by plaintiff, Charles Dillow, thereon:

"Be it further agreed that parties of the first part agree to make parties of the second part a bond for deed, per verbal agreement, when the terms and conditions of the above contract are fully complied with."

What was this verbal agreement? The trial court refused to hear evidence on it. This was error. While the general rule is that parole evidence may not be heard to modify or contradict the terms of a written agreement, yet, "Where there is a direct reference in writing to a verbal agreement, such agreement may be proved by parol evidence even though the effect be to add material terms and conditions to the writing." 9 Enc. of Evidence, p. 353, sec. D.

The oral agreement referred to in the writing under consideration might have had much to do with whether defendants were in possession of the premises by lease or as purchasers.

While we are aware that title to real estate cannot be tried in forcible entry and detainer suits, the conditions under which defendants held possession could have much to do with whether plaintiff was entitled to possession of the premises.

In *Moran v. Redder*, 254 Ill. App. 595, the court said "We see no reason why a landlord and his tenant may not enter into a valid contract for the purchase and sale of the premises, and when this is done, the relation of landlord and tenant ceases even though the

contract does not specifically authorize the tenant to enter into or withhold possession as purchaser of the premises, as this authority may be implied from the circumstances." *Leary v. Pattison,* 66 Ill. 203; *Stanwood v. Kuhn,* 132 Ill. App. 466; *Mahannah v. Mahannah,* 292 Ill. 133.

It was a question of fact for the jury whether defendants held as tenants or purchasers; or whether they held by virtue of some agreement contained in the verbal conversation which would render their possession lawful.

Defendants insist that they had performed · every condition which would entitle them to a bond for deed. We think they were entitled to show that. This includes what constituted the different elements of the $185 paid by them.

It was error for the court to give the peremptory instruction.

The judgment of the county court is reversed and the cause is remanded with instructions to take further proceeding in accordance with the views here expressed.

*Reversed and remanded.*